

Signed: April 22, 2009

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MICHAEL H. AHRENS,
Cal. Bar No. 44766
STEVEN B. SACKS,
Cal. Bar No. 98875
ORI KATZ,
Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Proposed Attorneys for HUMBOLDT CREAMERY, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>HUMBOLDT CREAMERY, LLC, a Delaware limited liability company,<br><br>                 Debtor.<br><br>Tax ID: 87-0736033 | Case No. 09-11078<br><br>Chapter 11<br><br>**ORDER AUTHORIZING DEBTOR TO HONOR PREPETITION OBLIGATIONS TO EMPLOYEES**<br><br>Date:    April 22, 2009<br>Time:   10:00 a.m.<br>Place:  United States Bankruptcy Court<br>           99 South "E" Street,<br>           Santa Rosa, CA 95404<br>Judge:  Hon. Alan Jaroslovsky |

The Court having considered the *Emergency Motion For Order Authorizing Debtor To Honor Prepetition Obligations To Employees* (the "Motion"), filed by Humboldt Creamery, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), all pleadings and evidence filed in connection therewith, and the arguments of counsel at the hearing on the Motion, and finding that notice of the Motion is sufficient under the circumstances, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Debtor is authorized (but not required), in its sole discretion and only in a per employee amount up to the cap of $10,950 per employee under Section 507(a)(4) of the Bankruptcy Code: (a) to pay the prepetition wages and salaries owed to its employees, including payroll, reimbursement requests, all associated payroll taxes and other withholdings; and (b) to pay any prepetition claims arising from the Debtor's employee benefit plans and programs and otherwise honor, in the ordinary course of business, existing employee benefit plans and programs and vacation accruals, including all related costs and expenses, as such policies were in effect as of the commencement of this bankruptcy case, even if so doing involves honoring prepetition claims, provided, however, that (x) payments shall not exceed the statutory cap of $10,950 per employee, (y) no payments on account of prepetition employee claims may be paid to insiders absent further order of this Court, and (z) to the extent amounts paid under this Order exceed the amounts the employees are entitled to under the Bankruptcy Code, such excess amounts are subject to disgorgement.

2. Terms in initial capital letters not conforming to customary usage and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**\*\* END OF ORDER \*\***