Entered on Docket
April 23, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: April 23, 2009

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MICHAEL H. AHRENS,
Cal. Bar No. 44766
STEVEN B. SACKS,
Cal. Bar No. 98875
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947

Proposed Attorneys for HUMBOLDT
CREAMERY, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>HUMBOLDT CREAMERY, LLC, a<br>Delaware limited liability company,<br><br>               Debtor.<br><br>Tax ID: 87-0736033 | Case No. 09-11078<br><br>Chapter 11<br><br>**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**<br><br>Date:    April 22, 2009<br>Time:   10:00 a.m.<br>Place:   99 South E. Street<br>           Santa Rosa, CA 95404<br>Judge:  Hon. Alan Jaroslovsky |

The Emergency Motion for Use of Cash Collateral filed by Humboldt Creamery, LLC, Debtor and Debtor in Possession herein (the "Debtor"), came on for an interim hearing on April 22, 2009. Michael H. Ahrens, Esq. and Ori Katz, Esq. appeared on behalf of the Debtor, and other appearances were made as noted in the record.

The Court having considered the Debtor's Motion, and all papers on file herein; and having heard the argument of counsel and matters presented at the time of hearing;

**IT IS HEREBY ORDERED THAT**:

1. The Agreement for Use of Cash Collateral (the "Agreement") entered into between Debtor and secured creditor CoBank, ACB (the "Agent") and filed on April 21, 2009 is hereby approved, on an interim basis, in all respects, except as specifically modified by the provisions of this Interim Order. Capitalized terms used in this Interim Order but not defined herein shall have the meaning given to them in the Agreement. The Debtor is authorized to enter into the Agreement, and the terms of the Agreement shall be binding upon the Debtor and the Debtor's estate. The Debtor shall be authorized to use Cash Collateral through the final hearing on the Motion so long as such use is in the ordinary course of business for the purposes and in the amounts permitted by the Agreement, so as to avoid immediate and irreparable injury to the Debtor's business and assets and only for an aggregate amount that does not exceed $1,750,000.

2. As adequate protection for the Debtor's use of the Agent's Cash Collateral, the Agent shall have and is hereby granted the Replacement Lien, effective as of the filing of the petition for relief. Subject to the following paragraph, the Replacement Lien on Postpetition Like-kind Collateral shall have the same priority, validity, and extent as the Agent's lien on Prepetition Collateral. Subject to the following paragraph, the Replacement Lien on Postpetition Like-kind Collateral shall have the same priority, validity and extent as the Agent's lien on Prepetition Collateral. The Replacement Lien on Additional Collateral shall be subordinate to any liens on such Additional Collateral that on the Petition Date are valid and enforceable and not subject to avoidance.

3. The Replacement Lien shall have priority over other liens and claims to the extent set forth in this paragraph:

　　(a) The Replacement Lien on Postpetition Like-kind Collateral shall be subordinate to

the obligations owed under the DIP Loan Agreement and to the Carveout (as defined below); and

(b) The Replacement Lien on Additional Collateral shall be subordinate to the obligations owed under the DIP Loan Agreement, the Carveout, and the expenses of administration (including professional fees) of a superseding chapter 7 case.

4. In addition to the Replacement Lien, the Secured Obligation shall constitute an administrative expense (the "<u>Superpriority Claim</u>") allowable under § 503(b) of the Bankruptcy Code with a priority over all other administrative expenses of the kind specified in §§ 503(b), 507(a), and 507(b) of the Bankruptcy Code, save and except for (a) obligations owed to the agent and lenders under the DIP Loan Agreement, and (b) the Carveout.

5. The Replacement Lien and the Superpriority Claim shall be subordinated to the following (the "<u>Carveout</u>"): (a) the compensation and expense reimbursement (other than for professional fees and expenses) allowed to a trustee in any successor Chapter 7 case, (b) unpaid fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930, (c) the Debtor's Professionals Carveout Amount (as defined in the DIP Credit Agreement), and (d) allowed fees and expenses of professionals for the Committee to the extent such fees and expenses were incurred before the occurrence of an Event of Default and do not exceed (i) $100,000 in the aggregate, and (ii) with respect to any fees incurred in connection with the investigation of the claim of the Prior Lender, such fees shall not exceed $10,000; provided that the foregoing shall be reduced by the amount of any fees paid to such professionals during the Chapter 11 Case. Notwithstanding the foregoing, the Carveout shall not include any fees or expenses in connection with any Adverse Actions (as defined below) nor shall any amounts paid with respect to the Carveout reduce any amount owed to the Agent or the Lenders. Neither the Agent nor the Lenders shall be responsible for payment of any amounts constituting the Carveout.

6. The Replacement Lien granted to the Agent pursuant to the Agreement shall be perfected by operation of law, *nunc pro tunc*, as of the filing of the petition for relief upon entry of this Interim Order. The Agent shall not be required to file or record any financing statements, mortgages, or other documents in any jurisdiction or to take any other action in order to validate or perfect the Replacement Lien granted hereunder. This Interim Order shall be deemed sufficient and

conclusive evidence of the security interests and liens granted hereunder. If the Agent shall, in its sole discretion, choose to file financing statements or record mortgages or other documents, or otherwise confirm perfection of such security interests and liens, the Agent is hereby authorized to effect such filings and recordations, and all such financing statements, mortgages, or similar documents shall be deemed to have been filed, recorded, or made on the date of entry of this Interim Order.

7. The Debtor is not authorized to use Cash Collateral to (a) challenge the validity, priority, perfection, or enforceability of obligations owed to the Agent or the Lenders, or to challenge any liens or security interests held by the Agent, (b) assert any claims, counterclaims, or defenses against the Agent or the Lenders, including any avoidance actions, or (c) prevent, hinder or otherwise delay the Agent's or the DIP Lenders exercise of any remedies with respect to their collateral or loan documents (the items in the foregoing clauses (a), (b), and (c) being the "Adverse Actions"). The foregoing clauses (a) and (b) shall not preclude the use of Cash Collateral by the Debtor or the Creditors Committee, but not both, to investigate the matters referred to in such clauses.

8. In the event the Debtor's right to use cash collateral pursuant to the Agreement is terminated based on the Debtor's default thereunder, the Debtor shall not use any cash collateral without consent of the Agent or further order of this Court; provided that the Debtor is authorized to pay any payroll related expenses accrued up to the date of such termination.

9. Following entry of this Interim Order, the Debtor shall, on or before April 24, 2009, provide notice of this Interim Order and of the final hearing on the Motion (the "Final Hearing") by first-class mail to all parties requesting special notice or having liens or security interests of record in any of the Debtor's assets.

10. The Final Hearing shall be held before this Court on May 8, 2009 at 10:00 a.m. or as soon as the parties may be heard.

//

//

//

W02-WEST:5MML1\401497893.4     -3-
Case: 09-11078    Doc# 24    Filed: 04/23/09    Entered: 04/23/09 13:45:54    Page 4 of 5

11. This Interim Order shall shall take effect and be fully enforceable immediately upon the Court's execution hereof.

APPROVED AS TO FORM:
WINSTON & STRAWN LLP

By:      */s/ Randy Rogers*
        Randy Rogers
        Attorneys for CoBank, ACB

**\*\* END OF ORDER \*\***