UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HUMBOLDT CREAMERY, LLC,   No. 09-11078

Debtor(s).
_____/

Memorandum on Request to Immediately Pay Certain Priority Claims
_____

Debtor Humboldt Creamery, LLC, filed its Chapter 11 petition on April 21, 2009. One day later, it sought permission to pay approximately $1.7 million in prepetition debt to Humboldt Creamery Association, a non-profit agricultural cooperative composed of 40 farmer-members who have an average herd size of 300 milking cows.[1] Humboldt Creamery Association also owns 75% of the debtor. The U.S. Trustee objected, arguing that the court should defer a decision until a creditors committee has been formed.

The request is governed by Rule 6003(b) of the Federal Rules of Bankruptcy Procedure. This rule does not permit the payment of a claim which arose prepetition for the first 20 days of a bankruptcy unless it is necessary to avoid immediate and irreparable harm.

The decision to allow the payments now is not an easy one for the court. The U.S. Trustee is entirely correct in arguing that there is a significant risk of injustice if the court allows payment on

---

[1] Leave is also sought to pay a small portion to non-Association farmers.

1

prepetition debt immediately upon the commencement of a bankruptcy case, when all parties except the unsecured creditors have had a chance to organize, plan their strategies and prepare their arguments to the court. This concern is especially compounded in this case since the payee is an insider of the debtor.

However, in this case the court is convinced that immediate and irreparable harm will be suffered by the debtor if the payments are not allowed. The payments are for milk clearly delivered during the 20 days before bankruptcy, and are therefore entitled to priority under § 503(b)(9) of the Bankruptcy Code.[2] While the Association is an insider, it is composed by small dairy farmers who cannot be expected to finance the debtor's operations and cannot afford to wait for payment. The court fears that any disruption of payment to the farmers would seriously prejudice the debtor's ability to continue normal operations while in Chapter 11.[3]

Lastly, the court believes that it can mitigate any possible damage to the bankruptcy estate by providing that the payments shall be subject to recovery by the estate to the extent they prove to be improvident or result in a higher dividend than the recipient is entitled to receive at the conclusion of the case. Since the Association and its members will continue to do business with the debtor as a result of payment, recovery should not prove overly difficult if future events show that the payments should not have been authorized.

For the above reasons, the debtor will be granted leave to make the payments as prayed and may submit a form of order to that effect.

---

[2] Nothing in the Bankruptcy Code forbids payment on a prepetition debt before confirmation of a plan, and Rule 6003(b) specifically contemplates such payments. The court concludes that prepetition debt, and especially a priority debt, may be paid before confirmation if in the best interests of the estate.

[3] The court notes that Rule 6003 allows the court to authorize payments on prepetition debt if necessary to avoid immediate and irreparable harm, but does not require that such harm be to the bankruptcy estate. The court finds that a delay in payment would result in immediate and irreparable harm to both the dairy farmers and the debtor, and for this reason authorizes payment now.

2

Dated: April 23, 2009

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3