1  John T. Hansen (CA34639)
   jhansen@nossaman.com
2  Nossaman LLP
   50 California Street, 34th Floor
3  San Francisco, CA 94111
   Telephone: 415.398.3600
4  Facsimile: 415.398.2438

5  Attorneys for Creditor Richard Homem

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re HUMBOLDT CREAMERY, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax ID: 87-0736033. | Case No: 09-11078<br><br>Chapter 11<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>Date: May 8, 2009<br>Time: 10:00 a.m.<br>Dept: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, California |

Creditor Richard Homem moves the court pursuant to 11 U.S. Code §362(d)(1) for relief from the automatic stay to permit Mr. Homem to proceed with a jury trial set for May 18, 2009 in the Humboldt County Superior Court on May 18, 2009 (*Homem v. Humboldt Creamery Association*, No. DR070718). Mr. Homem has filed a complaint based on his termination from employment by the debtor in violation of the California Fair Employment and Housing Act and in violation of public policy. Debtor has insurance covering this claim, and the insurance will cover the costs of defense. Mr. Homem was terminated by debtor and denied re-employment in 2006, he filed his complaint in September 2007, and the May 18 trial date represents the fourth trial setting of his case.

The motion will be based on the following memorandum of points and authorities and the declaration of Kenneth C. Abasalom filed and served herewith.

Dated: April 28, 2009                                Nossaman, LLP

By _____
John T. Hansen, Attorneys for Richard Homem

MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

Richard Homem was an exemplary employee of Humboldt Creamery ("Debtor") who suffered an on the job injury on February 25, 2003. Mr. Homem was on medical leave following his injury. After Mr. Homem was cleared to return to work, he was fully able to perform all the functions of his former position. He requested that he be re-employed, but he was informed that he would have to re-apply for employment as a new hire. He did so, but he was denied employment, even though there were positions open. Debtor declined to re-employ Mr. Homem believing him to be disabled. However, at no time did Debtor attempt to reasonably accommodate Mr. Homem or engage in the legally required interactive process to

236533_1.DOC                                - 1 -                                Case No. 09-11078

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 09-11078    Doc# 36    Filed: 04/29/09    Entered: 04/29/09 13:09:40    Page 2 of 6

determine whether such accommodation was needed and if so what accommodation would allow him to perform the essential job functions. California Govt. Code §§ 12940(m) and (n). Mr. Homem has been self-employed since the 2003 accident, and has earned very limited income

After exhausting his administrative remedies, Mr. Homem filed his state court complaint in September 2007. Discovery with respect to his complaint has been completed and his case is ready for trial. The trial will be a jury trial. The May 18, 2009 trial date is the fourth setting for this case, and it will have priority on the court's calendar. Thus, the case is likely to go out, if the trial date is preserved.

Mr. Homem has requested that the Debtor produce the following management/supervisory personnel to testify at the trial[1]:

Renae Will, Human Resources Director – One half day.

Gary Green, Human Resources Specialist – 2-3 hours

Michael Callahan, Operations Manager – 2-3 hours (Video testimony acceptable)

Paul Adams, Production Supervisor – 2 hours

## II. ARGUMENT

Cause for granting relief from stay to permit an action to proceed against a debtor in a non-bankruptcy forum is determined by balancing the hardships of the parties upon weighing several relevant factors. *In re Hakim*, 212 B.R. 632639-40 (Bkrtcy. N.D. Cal. 1997), citing, among other cases, *In re Curtis*, 40 B.R. 795 (Bkrtcy. D. Utah 1984), listing twelve factors that have been widely followed and are sometimes referred to as the "Curtis Factors." The relevant Curtis factors favor granting relief from stay in this case.

---

[1] In the event the jury should find the Debtor liable for punitive damages, there would be a second phase of the trial on that issue. At that phase testimony regarding the Debtor's net worth would be required, but that could be established through very limited and brief testimony or by stipulation.

**A. The state court trial will result in a complete resolution of the issues.**

This case will be tried to judgment on all the claims alleged in the complaint, and the judgment will liquidate Mr. Homem's claim.

**B. This trial should not interfere with the bankruptcy case.**

Only four of Debtor's employees will be required to testify at the trial for periods ranging from two hours to one-half day. None of these employees is likely to be heavily engaged in the reorganization process, if at all, as they are not employed in the Debtor's finance department; nor are they key decision-makers. While they will have to take time off from their usual duties in order to testify, that would be true whether or not the debtor is engaged in a chapter 11 reorganization.

Debtor may argue that it has reduced its employment force, so any time away from the job may cause some hardship. However, that situation is unlikely to change any time soon, so the Debtor will be confronted with the same issue whenever the matter is tried. Moreover, from Mr. Homem's point of view, the reduction in force poses a potential serious hardship to him, if some of the key witnesses are later laid off and become unavailable. The one witness who may be the most critical to Debtor's operations is Michael Callahan. Mr. Homem is willing to videotape Mr. Callahan's testimony at his convenience.

While there is always some hardship to an employer when an employment discrimination case is tried, the fact that the defendant is a chapter 11 debtor does not appear to significantly increased that hardship in this case.

**C. The Debtor's insurance carrier has assumed financial responsibility for defense of the action.**

Debtor is represented by insurance defense counsel, and based on a conference call between said counsel and Mr. Homem's counsel on April 27, 2009, Mr. Homem understands that the trial defense will be paid by insurance coverage and that there is adequate insurance coverage remaining to provide for that defense.

**D. The interests of judicial economy and the economical and expeditious determination of the litigation will be served by allowing the trial to proceed.**

This case involves a jury trial of two to three weeks duration.[2] The state trial courts are more suited to conduct a trial of this type than are the bankruptcy courts; and in the current economic climate with dramatically increased bankruptcy filings, the bankruptcy court would find it difficult to set aside two to three weeks for a trial of this type.[3] Moreover, this case involves issues of California statutory and decisional law with which the California trial courts are quite familiar.

If the existing trial date is not kept, it is unclear when this case will eventually be tried. Mr. Homem has been without full-time employment for over six years, and he has been awaiting his day in court for over two years since he filed his administrative claim. For Mr. Homem the truism that justice delayed is justice denied has real-life meaning.

**E. The state court action has progressed to the point where the parties are prepared for trial.**

All discovery has been completed, and the parties are ready for trial and have been so for several months, since at least December 2008 when the case was first set for trial but did not go out due to lack of an available court. The readiness for trial in the non-bankruptcy forum is an important factor mentioned in all the cases which have developed lists of factors for determining motions of this type. *E.g., In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008, 1014 (Bkrtcy N.D. Ala. 1996); *In re Johnson*, 115 B.R. 634, 636 (Bkrtcy.

---

[2] Actual trial testimony of the witnesses listed above will occur over a period of a week or less. The remaining trial time will be occupied by motions, jury selection, opening and closing statements, Mr. Homem's witnesses, jury instructions, etc.

[3] There is a substantial likelihood that, if this claim were to be liquidated in the bankruptcy court, Mr. Homem would be entitled to a jury trial either in the district court or by consent in this court. 28 USC. §157(b)(5). See, *In re Gary Brew Enterprises, Ltd.*, 198 BR 616 (Bkrtcy. S.D. Cal 1996); *Barton v. New United Motor Mfg., Inc.*, 43 CalApp 4th 1200 (1996).

D.Minn. 1989). If a case is delayed when it is ready for trial, much trial preparation work will have to be duplicated, the memories of witnesses begin to fade, and, as mentioned above, witnesses may become unavailable, which is a serious concern under the circumstances.

**F.     Summary**

For all the reasons discussed above, the balance of hardships tips decidedly in favor of allowing Mr. Homem to have his day in court on the date now scheduled for trial of the state court action. Mr. Homem has limited income due to actions of the Debtor, and he has little prospect of finding full-time employment in the Eureka area with the existing high unemployment rate. If the trial is postponed it is impossible to know when his claim may ever be adjudicated, and witnesses may become unavailable. On the other hand, the inconvenience to the Debtor of having to defend the trial is not significantly greater, if at all, because it is currently in a chapter 11 reorganization case. The potential trial witnesses do not appear to be part of the debtor's control group; nor are they involved in the Debtor's finances.

**III.    CONCLUSION**

For the reason described herein, Richard Homem requests that the court enter its order granting relief from the automatic stay to permit the trial in Homem v. Humboldt Creamery Association (Humboldt County Superior Court No. DR070718) to proceed to trial on May 18, 2009 in said court. Enforcement of a judgment in favor of Mr. Homem would remain subject to the automatic stay, except to the extent that there are insurance proceeds to pay the judgment in whole or in part.

Dated: April 28, 2009

Nossaman LLP

By: _____
John T. Hansen
Attorneys for Creditor, RICHARD HOMEM