UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HUMBOLDT CREAMERY, LLC,  No. 09-11078

                    Debtor(s).
_____/

Memorandum on Objection to Motion for Relief From Stay
_____

       The court never ceases to be amazed when parties recognize that they are trying to pound a square peg into a round hole and then decide that the reason it is not fitting is because the matter is "complicated." There is a difference between complicated an confused, and the current tempest between the debtor, Wells Fargo Leasing and secured creditor Co-Bank appears to belong in the latter category.

       Wells Fargo Leasing noticed its motion for relief from the automatic stay for June 11, 2009. It appears to have been properly notice pursuant to FRBP 4001(a), and no party objected. The debtor and Wells Fargo announced at the hearing that they had entered into a stipulation calling for payments of $15,000.00 per month.

       For some reason, counsel for the debtor (actually counsel for the Creditor's Committee, representing the debtor due to a conflict of general counsel) ran a copy of the stipulation by counsel for Co-Bank. According to the debtor, Co-Bank has "refused to authorize" the payments to Wells Fargo. Now Wells Fargo has re-noticed its motion and Co-Bank has filed an objection on grounds that Wells Fargo's security interest is unperfected and junior to that of Co-Bank. In the meantime, the debtor

1

wants the court to order Co-Bank to "permit" the payments to Wells Fargo.

The court wishes to point out a few elementary points of law to the parties:

1. The motion has already come before the court. There were no objections.

2. While any party can be heard, only the rights of the moving party and the estate are weighed in adjudicating a stay relief motion. That a ruling or stipulation may not be advantageous to a third party is of no concern in a stay relief motion. If the third party feels its rights are violated, its proper remedy is to file an adversary proceeding and seek appropriate temporary and permanent injunctive relief, not object to the stay relief motion or take unilateral action to thwart a debtor in possession. The former is fruitless, the latter can prove expensive.

3. No substantive rights are properly adjudicated in a stay relief motion. "Stay relief hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim. *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir.1994)." *In re Robbins*, 310 B.R. 626, 631 (9th Cir. BAP 2004).

4. Anyone seeking to compel someone to act or to collect damages for unlawful interference with the affairs of a debtor in possession must file an adversary proceeding for such relief. FRBP 7001(1), (7) and (9). Likewise, the validity, priority and extent of a lien can only be decided in an adversary proceeding. FRBP 7001(2).

Further proceedings in this "complicated" matter shall be in accordance with the above principles unless a party believes the court is wrong, in which case that party shall brief the issue.

Dated: July 6, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

2