1 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
2   Including Professional Corporations
  MICHAEL H. AHRENS, Cal. Bar No. 44766
3 STEVEN B. SACKS, Cal. Bar No. 98875
  ORI KATZ, Cal. Bar No. 209561
4 Four Embarcadero Center, 17th Floor
  San Francisco, California 94111-4109
5 Telephone:   415-434-9100
  Facsimile:   415-434-3947
6
  Attorneys for HUMBOLDT CREAMERY, LLC
7

8              UNITED STATES BANKRUPTCY COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  SANTA ROSA DIVISION

11

12 | In re | Case No. 09-11078 |

13 | HUMBOLDT CREAMERY, LLC, a | Chapter 11 |
   | Delaware limited liability company | |

14 | | **STIPULATION REGARDING FILING** |
   | Debtor. | **OF INTERIM APPLICATIONS FOR** |
15 | | **COMPENSATION AND** |
   | | **REIMBURSEMENT OF EXPENSES** |
16 | Tax ID: 87-0736033 | **LESS THAN 120 DAYS AFTER THE** |
   | | **PETITION DATE** |

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5KES1\401864273.2                                                    STIPULATION

THIS STIPULATION is made as of the date set forth below by and among Humboldt Creamery, LLC, the debtor and debtor-in-possession ("DIP") in the above captioned case (the "Debtor"), the official committee of unsecured creditors (the "Committee"), and CoBank, ACB, Administrative Agent for the DIP Lenders and Agent for the pre-petition lenders (the "Bank") with reference to the following facts:

## RECITALS

A.     The Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States code (the "Bankruptcy Code") on April 21, 2009 (the "Petition Date"). Humboldt's chapter 11 case is currently pending before this Court. The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 27, 2009, the Committee was appointed. No trustee or examiner has been appointed in this case.

B.     The Bank agreed to extend post-petition DIP financing to allow the Debtor to continue operating until the orderly sale of its assets. On June 8, 2009, the Court entered its final order approving such financing pursuant to a budget ("Budget") described therein. Under the Budget, certain carve-out amounts are provided for the benefit of the professionals whose employment has been approved in this case (the "Professionals").

C.     On July 13, 2009, the Debtor filed its *Motion for Order (I) Authorizing and Approving the Sale of the Majority of the Debtor's Assets Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing Sale, and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "Sale Motion"). A hearing on August 12, 2009 is scheduled before the Court to consider the Sale Motion. In the Sale Motion, the Debtor seeks Court approval of the sale of its creamery assets to Foster Dairy Farms ("Foster Farms"), or the winning bidder and the remaining assets related to its facility in Los Angeles and a real estate in Loleta to a bidder who submits an Accepted Offer (as defined in the Sale Motion) for these assets. The sale to Foster Farms, if approved, is contemplated to close at the end of August.

Case 09-11078    Doc# 164    Filed: 07/21/09    Entered: 07/21/09 12:23:46    Page 2 of 4

D.     Section 331 of the Bankruptcy Code provides that a professional employed in the case "may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title."

E.     Considering the contemplated closing date of the sale of the Debtor's assets, if approved, the parties deem it necessary to have the applications of the Professionals for interim compensation and reimbursement of expenses ("Fee Application") considered by the Court prior to the closing date of the sale so that the Court and the parties may have an opportunity to consider the fees and costs incurred in the case before then.  Under section 331 of the Bankruptcy Code, the earliest date the Professionals can file their Fee Applications is August 19, 2009 which does not permit a hearing on the Fee Applications prior to the contemplated closing date.  The parties recognize that section 331 gives the Court authority to allow the filing of the Fee Applications prior to August 19, 2009.

F.     Counsel for the Debtor has discussed with Patricia Cutler, the attorney for the Office of the United States Trustee, the possibility of filing Fee Applications prior to the end of the 120 day period under section 331.  Ms. Cutler has indicated that she has no objection to such filing of Fee Applications.

**STIPULATION**

NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE DEBTOR, THE COMMITTEE AND THE BANK, THROUGH THEIR UNDERSIGNED COUNSEL, STIPULATE AND AGREE AS FOLLOWS:

1.     Fee Applications may be filed prior to August 19, 2009.

2.     Any Fee Applications filed prior to August 19, 2009, shall be filed and served at least 20 days prior to the date of the hearing on the Fee Applications as provided in Federal Rule of Bankruptcy Procedure 2002(a)(6).

Dated: July **2**, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
        MICHAEL H. AHRENS

Attorneys for debtor
HUMBOLDT CREAMERY, LLC

Dated: July **4**, 2009

PACHULSKI STANG ZIEHL & JONES LLP

By _____
        JOHN FIERO

Attorneys for Official Committee of Unsecured
Creditors

Dated: July **21**, 2009

WINSTON & STRAWN LLP

By: _____
        RANDY ROGERS

Attorneys for CoBank, ACB,
Administrative Agent and Agent for the Pre-
Petition Lenders

W02-WEST:5KES1\401664273.2

STIPULATION