SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for HUMBOLDT CREAMERY, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>HUMBOLDT CREAMERY, LLC, a Delaware limited liability company,<br><br>              Debtor.<br><br>Tax ID: 87-0736033 | Case No. 09-11078<br><br>Chapter 11<br><br>**FIRST INTERIM FEE APPLICATION OF BURR, PILGER, & MAYER, LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL CONSULTANT TO THE DEBTOR**<br><br>Date:    August 21, 2009<br>Time:   10:30 a.m.<br>Place:   99 South E. Street<br>            Santa Rosa, CA 95404<br>Judge:  Hon. Alan Jaroslovsky |

## INTRODUCTION

This is the first interim fee application (the "Application") for allowance of compensation and reimbursement of expenses of Burr, Pilger, & Mayer, LLP ("Burr Pilger") as financial consultant to Humboldt Creamery, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"). This Application is based on the Declaration of Russell Burbank filed concurrently herewith, the notice of hearing filed concurrently herewith by counsel for the Debtor, and all related declarations and pleadings previously filed, or that may be filed, prior to the hearing on this matter.

## RELIEF REQUESTED AND BASIS FOR RELIEF

Burr Pilger seeks an order of the Court granting interim approval of compensation for professional services rendered and reimbursement of expenses incurred as financial consultant to the Debtor from April 21, 2009 through July 17, 2009 (the "Application Period") totaling $112,014.90, subject to the further review of this Court upon the filing of a final fee application pursuant to 11 U.S.C. § 330, Bankruptcy Rule 2016 and applicable local rules and guidelines. This amount consists of professional fees of $111,282.50 and reimbursement of expenses of $732.40.

As disclosed in Burr Pilger's employment application filed with this Court on May 4, 2009 [Docket #49], Burr Pilger received an initial retainer in the amount of $60,000.00 pursuant to its engagement letter dated on or about March 1, 2009 (the "Engagement Agreement"). Due to the change in the scope of the work caused by the Debtor's preparations for its bankruptcy filing, the retainer was increased pursuant to a clause in the Engagement Agreement, such that on the petition date, the retainer was $75,863.00. By this Application, Burr Pilger seeks this Court's approval to apply the retainer to the amounts owed, and an order of this Court authorizing and directing the

Debtor to pay to Burr Pilger the balance of professional fees and expenses remaining after application of said retainer.

Burr Pilger was employed as the Debtor's financial consultant pursuant to an order of this Court dated May 12, 2009 [Docket #74] (the "Retention Order"). A copy of the Retention Order is attached to this Application as Exhibit A. The Retention Order provides that Burr Pilger's employment was effective as of the petition date in this case: April 21, 2009.

Burr Pilger has been instrumental in evaluating and reporting the Debtor's financial condition to the Debtor, this Court, the Committee, and the Debtor's post-petition lenders. As set forth in further detail below, Burr Pilger has worked closely with the aforementioned parties to produce financial reports, projections, operating reports and compliance certificates, as well as to evaluate and resolve the various financial issues that have arisen for the Debtor during the Application Period.

This Application is made pursuant to the provisions of Bankruptcy Rule 2016 and Section 330 of title 11 of the United States Code (the "Bankruptcy Code"). Except as otherwise noted herein, the Application conforms with the United States Trustee's guidelines for compensation and expense reimbursement for professionals (the "UST Guidelines") and the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustee's for the United States Bankruptcy Court, Northern District of California ("District Guidelines"). The UST Guidelines and the District Guidelines are referred to together as the "Guidelines" in this Application. Notably, Burr Pilger has not utilized the Project Billing categories suggested by the Guidelines because splitting Burr Pilger's work into categories would be largely arbitrary, given that the review of financial

information and preparation of budgets constitutes the bulk of Burr Pilger's work for the Debtor.

Burr Pilger enlisted the aid of Debtor's counsel in preparing this Application and it is estimated that Debtor's counsel will incur $2,500.00 in fees preparing the Application. This amount represents approximately 2.2% of the amount sought in the Application.

In support of the Application, Burr Pilger respectfully represents as follows:

**EMPLOYMENT AND PRIOR COMPENSATION**

As set forth above, Burr Pilger's employment was approved by the Retention Order, which was issued by this Court on May 12, 2009.

As discussed above, Burr Pilger has received a prepetition retainer which on the petition date was in the amount of $75,863.00. As part of this Application, Burr Pilger seeks this Court's permission to apply that retainer to the fees and expenses sought in this Application.

This is Burr Pilger's first application for approval of compensation and reimbursement of costs in this case. Burr Pilger has not received payments to date on account of work performed during the Application Period.

## CASE STATUS

A general background discussion regarding the status of the case is contained in the contemporaneously filed fee application of Debtor's counsel and is incorporated by this reference as contemplated under District Guideline, I.2.[1]

## EXHIBITS TO APPLICATION

The exhibits attached to this Application are as follows:

A copy of the Retention Order is attached as Exhibit A.

A detailed statement (the "Statement") of the services Burr Pilger performed and the out-of-pocket expenses Burr Pilger incurred during the Application Period is set forth on Exhibit B. The Statement sets forth Burr Pilger's time and expense records as kept in the ordinary course of Burr Pilger's business, and contains the following information: the names of each professional performing services, the description of the services, and the amount of time incurred for their services.

A copy of Burr Pilger's letter to Len Mayer, the designated Responsible Individual for the Debtor, inviting discussion, questions, comments, concerns or objections to the Application, is attached as Exhibit C.

---

[1] *See* District Guideline, I.2.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

In a bankruptcy case apparently necessitated by past inaccuracies in financial reporting, Burr Pilger has worked with the Debtor, the Debtor's counsel, the Debtor's lenders, the Creditors' Committee and other parties in interest to monitor and report on the Debtor's financial condition in an accurate and unbiased manner, and also to resolve financial issues and evaluate possible resolutions to said issues. Burr Pilger has continuously reviewed and monitored the Debtor's financial condition, producing weekly cash flow and borrowing reports, certificates of compliance with the Debtor's financial covenants in its debtor-in-possession loan agreement, and budgets and financial projections from April to September 2009. Burr Pilger has worked closely with the Debtor, the Debtor's lenders, the Debtor's counsel and the Committee in preparing, reviewing and explaining the foregoing to the key parties in interest. Burr Pilger has also prepared the monthly operating reports that have been filed with this Court, and has worked with the Debtor, the Debtor's counsel and the Debtor's investment bankers to formulate a strategy regarding various issues that have arisen in the case, including utility payments, forensic accounting, current and projected milk costs and potential strategies regarding the same, shutdown of the LA facility, various sales initiatives and strategies, information requests by potential purchasers, inventory and cost strategies, and Section 503(b)(9) claims. Burr Pilger has also analyzed and advised the Debtor concerning various tax issues including issues in connection with a potential liquidation of the LLC and tax reporting issues.

In sum, Burr Pilger has allowed the Debtor, the Debtor's lenders, and the Debtor's creditors to attain a more complete understanding of the Debtor's finances. With that information in hand, Burr Pilger has aided the Debtor and the aforementioned parties in evaluating the Debtor's exit strategy of a sale of substantially all the Debtor's assets.

## EXPENSE REIMBURSEMENT

Burr Pilger seeks expense reimbursement for costs totaling $732.40. A summary of expenses advanced by Burr Pilger is set forth on the invoice attached hereto as Exhibit B at page 19. These expenses include travel expenses, meals and lodging. These expenses are billed at the actual cost to Burr Pilger.

Burr Pilger's employment application and Engagement Agreement provide for the reimbursement of out-of-pocket expenses. Documentation for all expenses in excess of $50.00 has been retained and will be made available upon request.

All compensation and expense reimbursements requested herein have been billed at rates in accordance with practices no less favorable than those customarily employed by Burr Pilger and generally accepted by Burr Pilger's clients.

## CONCLUSION

WHEREFORE, Burr Pilger prays that the Court enter an order:

(1) Granting interim approval of aggregate compensation sought in the Application totaling $112,014.90, consisting of total professional fees of $111,282.50 and expenses of $732.40;

(2) Authorizing and directing Burr Pilger to apply the $75,683.00 pre-petition retainer held by Burr Pilger to the amounts sought in this Application;

(3) Authorizing and directing the Debtor to make immediate payment to Burr Pilger of the balance of all allowed and outstanding amounts remaining after the application of the aforesaid retainer; and

(4) Granting such other and further relief as the Court may deem just and proper.

Dated: July 31, 2009

By _____
RUSSELL BURBANK
BURR, PILGER, & MAYER, LLP