# EXHIBIT A
# LIQUIDATING TRUST AGREEMENT

58512-001\DOCS_SF:67220.2

# LIQUIDATING TRUST AGREEMENT

This *Liquidating Trust Agreement* (the "Agreement") dated as of _____, 2009 is established by Humboldt Creamery, LLC, a Delaware corporation, a debtor-in-possession in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division (the "Bankruptcy Court") in Chapter 11 Case No. 09-11078 (hereafter referred to as either the "Debtor" or the "Grantor"), and _____ (the "Liquidating Trustee"), and is executed in connection with and pursuant to the terms of the *Joint Plan of Liquidation Proposed By the Debtor and Official Committee of Unsecured Creditors* dated _____, 2009 (the "Plan"), which Plan provides for, among other things, the establishment of a trust evidenced hereby (the "Liquidating Trust").

## W I T N E S S E T H

WHEREAS, on April 21, 2009, the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code with the Bankruptcy Court;

WHEREAS, the Bankruptcy Court confirmed the Plan by order dated _____, 2009;

WHEREAS, the Liquidating Trust is created pursuant to, and to effectuate, the Plan;

WHEREAS, the Liquidating Trust is created on behalf, and for the sole benefit, of the holders of Allowed General Unsecured Claims in Class 4 under the Plan (the "Beneficiaries");

WHEREAS, the Liquidating Trust is established for the purpose of collecting, distributing and liquidating the Liquidating Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan, *provided*, *however*, that the Liquidating Trust is contractually obligated under the Plan to address the Claims of holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Miscellaneous Secured Claims, and Allowed CoBank Claims to the extent set forth in the Plan;

WHEREAS, the Liquidating Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business;

WHEREAS, the Plan provides that the Beneficiaries are entitled to their applicable Liquidating Trust Interests;

WHEREAS, pursuant to the Plan, the Grantor, the Liquidating Trustee, and the Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Liquidating Trust Assets to the Liquidating Trust as a transfer of the Liquidating Trust Assets by the Grantor to the Beneficiaries in satisfaction of their Allowed General Unsecured Claims in Class 4 under the Plan, followed by a transfer of the Liquidating Trust Assets by the Beneficiaries to the Liquidating Trust in exchange for the beneficial interests herein, and to treat the Beneficiaries as the grantors and owners of the Liquidating Trust in accordance with Treasury Regulation Section 301 7701-4; and

WHEREAS, the Liquidating Trust is intended to be treated as a grantor trust for federal income tax purposes;

WHEREAS, the Bankruptcy Court shall have jurisdiction over the Liquidating Trust, the Liquidating Trustee, and the Liquidating Trust Assets as provided herein and in the Plan; and

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the Plan, the Grantor and the Liquidating Trustee agree as follows:

## ARTICLE I
## DEFINITIONS AND INTERPRETATIONS

1.1     Definitions.

1.1.1    "Agreement" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.1.2    "Liquidating Trust Assets" shall mean all "Liquidating Trust Assets" as defined in the Plan to be transferred to the Liquidating Trust pursuant to the Plan, which specifically include without limitation, the Liquidating Trust Cash and the Liquidating Trust Retained Claims and/or Defenses.

1.1.3    "Beneficiaries" shall have the meaning set forth in the Recitals to this Agreement, or any permitted successors to such Beneficiaries.

1.1.4    "Effective Date" shall have the meaning set forth in the Plan.

1.1.5    "Grantor" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.1.6    "Liquidating Trust" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.1.7    "Liquidating Trustee" shall mean (x) initially, the person named in the introductory paragraph to this Agreement as the Liquidating Trustee, and (y) any successors or replacements duly appointed under the terms of this Agreement.

1.2     Use of Plan Definitions.  All capitalized terms which are used in this Agreement and not otherwise defined herein shall have the same meaning set forth in the Plan.  In the case of any inconsistency between the terms of this Agreement and the terms of the Plan, the terms of the Plan shall govern and control.

1.3     Certain References.  Reference in this Agreement to any Section or Article is, unless otherwise specified, to that such section or article under this Agreement.  The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular section or article of this Agreement.

# ARTICLE II
# ESTABLISHMENT, PURPOSE AND FUNDING OF LIQUIDATING TRUST

2.1 <u>Creation and Name</u>. There is hereby created the Liquidating Trust, which is referred to in Article V of the Plan. The Liquidating Trustee may conduct the affairs of the Liquidating Trust under the name of the "Humboldt Creamery Liquidating Trust."

2.2 <u>Purpose of Liquidating Trust</u>. The Grantor and the Liquidating Trustee, pursuant to the Plan and in accordance with Title 11 of the United States Code (the "Bankruptcy Code"), hereby create the Liquidating Trust for the purpose of collecting, distributing and liquidating the Liquidating Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan, *provided, however*, that the Liquidating Trust is contractually obligated under the Plan to address the Claims of holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Miscellaneous Secured Claims, and Allowed CoBank Claims to the extent set forth in the Plan. The activities of the Liquidating Trust shall be limited to those activities set forth in Article IV hereof and as otherwise contemplated by the Plan. The Liquidating Trustee understands and agrees that the Liquidating Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.

2.3 <u>Transfer of Liquidating Trust Assets</u>.

2.3.1 Pursuant to the Plan, which is incorporated by reference herein, the Grantor and the Liquidating Trustee hereby establish, for the benefit of the Beneficiaries, the Liquidating Trust, the Grantor hereby grants, releases, assigns, conveys, transfers and delivers, on behalf of the Beneficiaries, the Liquidating Trust Assets to the Liquidating Trustee as of the Effective Date, in trust for the benefit of the Beneficiaries for the uses and purposes as specified in this Agreement and the Plan. The Grantor shall have no further obligations with respect to the Allowed Claims under the Plan upon the transfer of the Liquidating Trust Assets to the Liquidating Trustee in accordance with this Agreement and the Plan. The Grantor shall from time to time execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate) and the Grantor shall take or cause to be taken such further action as the Liquidating Trustee may reasonably deem necessary or appropriate, to vest or perfect in or confirm to the Liquidating Trustee title to and possession of the Liquidating Trust Assets.

2.3.2 For all federal, state and local income tax purposes, the Grantor, the Beneficiaries, and the Liquidating Trustee shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust as a transfer of the Liquidating Trust Assets by the Grantor to the Beneficiaries in satisfaction of their Allowed General Unsecured Claims in Class 4 under the Plan, followed by a transfer of the Liquidating Trust Assets by the Beneficiaries to the Liquidating Trust in exchange for their beneficial interests in the Liquidating Trust. Thus, the Beneficiaries shall be treated as the grantors and owners of the Liquidating Trust.

2.4 <u>Securities Law</u>. Under Section 1145 of the Bankruptcy Code, the issuance of beneficial interests in the Liquidating Trust to the Beneficiaries under the Plan, to the extent such

interests are deemed to be "securities," shall be exempt from registration under the Securities Act of 1933, as amended, and all applicable state and local laws requiring registration of securities. If the Liquidating Trustee determines, with the advice of counsel, that the Liquidating Trust is required to comply with the registration and reporting requirements of the Securities and Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidating Trustee shall take any and all actions to comply with such reporting requirements and file necessary periodic reports with the Securities and Exchange Commission.

## ARTICLE III
## LIQUIDATING TRUST COMMITTEE

3.1 <u>Liquidating Trust Committee</u>. The initial members of the Liquidating Trust Committee shall be (i)_____, (ii)_____, and (iii) _____. The Liquidating Trust Committee shall make certain determinations, in accordance with this Agreement and the Plan. Approval of a majority of the members of' such Liquidating Trust Committee shall be required for the Liquidating Trust Committee to act, provided that the Liquidating Trust Committee may delegate responsibility for discrete issues or, decisions to one or more of its members. The Liquidating Trust Committee shall have the rights and powers set forth herein. In the event that a Liquidating Trust Committee shall not continue to exist under this Agreement, all references herein to required approval or other action of such Liquidating Trust Committee shall be of no force or effect.

3.2 <u>Resignation/Replacement of Member of Liquidating Trust Committee</u>. In the event that a member of the Liquidating Trust Committee resigns, the remaining members of the Liquidating Trust Committee, along with the Liquidating Trustee, shall select a replacement to serve on the Liquidating Trust Committee.

3.3 <u>Compensation</u>. Except for (i) reimbursement of reasonable expenses, and (ii) indemnification as set forth in Article VII hereof, the members of the Liquidating Trust Committee shall receive no compensation or other payment for the performance of their duties hereunder.

3.4 <u>Control by Liquidating Trust Committee</u>. The Liquidating Trust Committee may direct the Liquidating Trustee to enter into or not to enter into a settlement of any Liquidating Trust Assets that are Liquidating Trust Retained Claims and/or Defenses and that involve claims in excess of $250,000; *provided*, *however*, that: (i) the Liquidating Trustee may refuse to follow any direction that conflicts with law, the Plan or this Agreement; and (ii) the Liquidating Trust Committee shall cause the Liquidating Trust to provide indemnification to the Liquidating Trustee, satisfactory to it against losses or expenses caused by the taking or not taking of any such action.

3.5 <u>Confidentiality</u>. Each member of the Liquidating Trust Committee shall, while serving as a member of the Liquidating Trust Committee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Liquidating Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Liquidating Trust Assets relate or of which he has become aware in his/her capacity as a member of the Liquidating Trust Committee.

4

# ARTICLE IV
# ADMINISTRATION OF THE LIQUIDATING TRUST

4.1  Rights, Powers and Privileges.  The Liquidating Trustee shall have only the rights, powers and privileges expressly provided in this Agreement and the Plan.  The Liquidating Trustee shall have the power to take the actions granted in the subsections below and any powers reasonably incidental thereto, which the Liquidating Trustee, in his/her reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Liquidating Trust, unless otherwise specifically limited or restricted by the Plan or this Agreement:

4.1.1  file, initiate, analyze, investigate, compromise and settle all Liquidating Trust Retained Claims and/or Defenses;

4.1.2  commence and/or pursue any and all actions involving Liquidating Trust Assets that could arise or be asserted at any time, unless otherwise waived or relinquished in the Plan;

4.1.3  hold legal title to any and all rights of the Grantor and the Beneficiaries in or arising from the Liquidating Trust Assets;

4.1.4  protect and enforce the rights to the Liquidating Trust Assets (including, without limitation, any and all Liquidating Trust Retained Claims and/or Defenses) vested in the Liquidating Trustee by this Agreement and the Plan by any method deemed appropriate including, without limitation, by judicial proceedings or otherwise;

4.1.5  compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle, in accordance with the terms of this Agreement, claims in favor of or against the Liquidating Trust;

4.1.6  determine and satisfy any and all liabilities created or incurred by the Liquidating Trust;

4.1.7  file, if necessary, any and all tax and information returns with respect to the Liquidating Trust and pay taxes properly payable by the Liquidating Trust, if any;

4.1.8  request any appropriate tax determination with respect to the Liquidating Trust;

4.1.9  in reliance upon the official claims register maintained in the Chapter 11 Case, maintain on the Liquidating Trustee's books and records, a register evidencing the beneficial interest herein held by each Beneficiary;

4.1.10  administer and reconcile Claims asserted under the Plan (including the filing of any objections to such claims as appropriate) and make distributions to holders of Allowed Claims under the Plan as provided for in, or contemplated by, this Agreement and the Plan;

5

4.1.11 open and maintain bank accounts on behalf of or in the name of the Liquidating Trust;

4.1.12 make all tax withholdings, file tax information returns, make tax elections by and on behalf of the Liquidating Trust and file returns for the Liquidating Trust;

4.1.13 send annually to each Beneficiary a separate statement stating the Beneficiary's share of income, gain, loss, deduction or credit and instruct all such Beneficiaries to report such items on their federal tax returns;

4.1.14 establish such reserves for Disputed Claims, Estimated Claims, taxes, assessments, Liquidating Trustee's fees and professional fees and other expenses of administration of the Liquidating Trust as may be necessary and appropriate for the proper operation of matters incident to the Liquidating Trust;

4.1.15 pay all expenses and make all other payments relating to the Liquidating Trust Assets;

4.1.16 retain and pay third parties pursuant to Section 4.2 hereof;

4.1.17 obtain insurance coverage or a bond with respect to the liabilities and obligations of the Liquidating Trustee and the members of the Liquidating Trust Committee under this Agreement (in the form of an errors and omissions policy or otherwise);

4.1.18 make distributions in accordance with the terms hereof;

4.1.19 all powers provided under the Plan to the Liquidating Trustee;

4.1.20 invest any monies held as part of the Liquidating Trust Assets in accordance with the terms of Section 4.3 hereof; and

4.1.21 terminate the Liquidating Trust consistent with the terms of this Agreement and the Plan.

4.2 <u>Agents and Professionals</u>. The Liquidating Trustee may, but shall not be required to, consult with and retain attorneys, accountants, appraisers, or other parties deemed by the Liquidating Trustee to have qualifications necessary to assist in the proper administration of the Liquidating Trust. The Liquidating Trustee may pay the reasonable salaries, fees and expenses of such persons (including himself/herself), including contingency fees, out of the Liquidating Trust Assets, subject to the oversight of the Liquidating Trust Committee as contemplated herein.

4.3 <u>Investment and Safekeeping of Liquidating Trust Assets</u>. All monies and other Liquidating Trust Assets received by the Liquidating Trustee shall, until distributed or paid over as herein provided, be held in Liquidating Trust for the benefit of the Beneficiaries, but segregated to the extent required by the Compromise Agreement. The Liquidating Trustee shall be under no liability for interest or producing income on any monies received by the Liquidating Trust and held for distribution or payment to the Beneficiaries, except as such interest shall be

6

actually received by the Liquidating Trustee. Investments of any monies held by the Liquidating Trustee shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; *provided*, *however*, that the right and power of the Liquidating Trustee to invest monies held by the Liquidating Trustee, the proceeds from any sale of shares of stock, or any income earned by the Liquidating Trust shall be limited to the right and power to invest such monies, pending periodic distributions in accordance with the terms hereof and the Plan. For the removal of doubt, the investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Liquidating Trust Assets and the liquidating purpose of the Liquidating Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills.

4.4 <u>Limitations on Liquidating Trustee</u>. The Liquidating Trustee shall not at any time, on behalf of the Liquidating Trust or Beneficiaries: (i) enter into or engage in any trade or business, and no part of the Liquidating Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Liquidating Trust in furtherance of any trade or business, or (ii) except as provided below, reinvest any Liquidating Trust Assets.

4.4.1 The Liquidating Trustee must consult with, and obtain approval of, the Liquidating Trust Committee concerning any matter involving an amount equal to or exceeding $250,000 or any other specific matters described in this Agreement.

4.4.2 Other than as provided in the Plan or the Compromise Agreement, the Liquidating Trustee is not empowered to incur indebtedness.

4.4.3 The Liquidating Trustee may only invest funds held in the Liquidating Trust consistent with the requirements of this Agreement, the Bankruptcy Code or any order of the Bankruptcy Court modifying such requirements and, provided that the Liquidating Trustee does so, he or she shall have no liability in the event of insolvency of any institution in which he or she has invested any funds of the Liquidating Trust Estate.

4.4.4 The Liquidating Trustee shall hold, collect, conserve, protect and administer the Liquidating Trust in accordance with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement. Any determination by the Liquidating Trustee as to what actions are in the best interests of the Liquidating Trust shall be determinative.

4.5 <u>Bankruptcy Court Approval of Liquidating Trustee Actions</u>. Except as provided in the Plan or otherwise specified in this Agreement, the Liquidating Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court. The Liquidating Trustee shall exercise his/her business judgment for the benefit of the Beneficiaries in order to maximize the value of the Liquidating Trust Assets and distributions, giving due regard to the cost, risk, and delay of any course of action. Notwithstanding the foregoing, the Liquidating Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Liquidating Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidating Trustee with respect to the Liquidating

Trust Assets, this Liquidating Trust, the Agreement, the Plan, or the Grantor, including the administration and distribution of the Liquidating Trust Assets. The Bankruptcy Court shall retain jurisdiction for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidating Trustee. In addition, the Liquidating Trustee shall have the authority, but not the obligation, to seek Bankruptcy Court approval to sell any Liquidating Trust Asset free and clear of any and all liens, claims and encumbrances.

       4.6       Valuation of Liquidating Trust Assets. The Liquidating Trustee shall apprise the Beneficiaries of the value of the Liquidating Trust Assets. The valuation shall be used consistently by all parties (including the Liquidating Trustee and Beneficiaries) for all federal income tax purposes. Any dispute regarding the valuation of Liquidating Trust Assets shall be resolved by the Bankruptcy Court.

## ARTICLE V
## DISTRIBUTIONS FROM THE LIQUIDATING TRUST

       5.1       Distributions. As soon as reasonably practicable after the Effective Date, the Liquidating Trustee shall make distribute to holders of Allowed Claims in accordance with this Agreement and the Plan. Thereafter, on at least a quarterly basis, the Liquidating Trustee shall distribute Liquidating Trust Assets that become deliverable to holders of Allowed Claims during the preceding calendar quarter in accordance with the Plan; *provided*, *however*, that the Liquidating Trustee must retain and reserve an escrow of such amounts as are reasonably necessary to satisfy amounts that could be distributable in respect of Disputed Claims or Estimated Claims (the "Disputed Claim Reserve"), and any such other amounts (such as other claims or other contingent liabilities) as reasonably necessary in his business judgment to fulfill his duties under the Plan or this Agreement.

       5.2       Pro Rata Share of Distributions. Each Beneficiary shall receive its pro rata share of any and all distributions in accordance with the Plan, except that the Liquidating Trustee may withhold from amounts distributable to any Beneficiary, any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

       5.3       Delivery of Distributions. All distributions to be made under this Agreement and the Plan shall be made to holders of Allowed Claims (a) if any such holder has filed a Proof of Claim, at the address of such holder as set forth in the Proof of Claim, or at the addresses set forth in any written certification of address change delivered to the Grantor or the Liquidating Trustee after the date of filing of such Proof of Claim, or (b) if any such holder has not filed a Proof of Claim, at the last known address of such holder as set forth in the Debtor's Schedules or Debtor's books and records.

       5.4       Timing of Distributions. Any payment or other distribution required to be made under the Plan on a day other than a Business Day shall be due on the next succeeding Business Day. All payments or distributions due on the Effective Date shall be made thereon or as soon as practicable thereafter but in no event later than ten calendar days after the Effective Date. Any payment of Cash made pursuant to this Plan shall be deemed made when such payment by check or wire transfer is transmitted.

5.5     Payments Limited to Liquidating Trust Assets.  All payments to be made by the Liquidating Trustee to or for the benefit of any Beneficiary shall be made only to the extent that the Liquidating Trustee has sufficient reserves to make such payments in accordance with this Agreement and the Plan.  Each Beneficiary shall have recourse only to the Liquidating Trust Assets for distribution under this Agreement and the Plan.

5.6     Fees and Expenses.

5.6.1   Subject to the limitations set forth herein and in the Plan, the Liquidating Trustee must pay the operating and administrative expenses of the Liquidating Trust before approving distributions to or for the benefit of Beneficiaries.

5.6.2   The Liquidating Trustee shall satisfy any fees and expenses of the Liquidating Trust with the Liquidating Trust Assets to the extent available, subject to the terms of the Compromise Agreement.

5.7     Priority of Distributions.  Any recovery by the Liquidating Trust on account of the Liquidating Trust Assets shall be applied in accordance with the Plan and the Compromise Agreement.

5.8     Compliance with Laws.  Any and all distributions of Liquidating Trust Assets shall be in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

5.9     Unclaimed/Undeliverable Distributions.  If any Cash or other distribution pursuant to this Plan to any holder of an Allowed Claim is returned as undeliverable, no further distributions to such holder shall be made until such time as the Liquidating Trustee is notified by written certification of such holder's then-current address, at which time distributions to such holder shall be made without interest.

5.10    Setoff Rights.  The Liquidating Trustee may, but shall not be required to, setoff against or recoup from the holder of any Allowed Claim on which payments or other distributions are to be made hereunder, claims of any nature that the Liquidating Trust may have against the holder of such Allowed Claim.  However, neither the failure to do so, nor the allowance of any Claim under the Plan, shall constitute a waiver or release of any such claim, right of setoff or right of recoupment against the holder of such Allowed Claim.

5.11    Right to Object to Claims.  The Liquidating Trustee shall have the responsibility and authority for administering, disputing, objecting to, compromising and settling or otherwise resolving and finalizing distributions with respect to any Allowed Claims under the Plan.  In addition, the Liquidating Trustee may, at any time, request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code regardless of whether the Debtor previously objected to such Claim.

5.12    No Distributions Pending Allowance.  If a Claim or any portion of a Claim is Disputed, no payment or distribution shall be made on account of the disputed portion of such Claim (or the entire Claim, if the entire Claim is disputed), unless such Disputed Claim or portion thereof becomes an Allowed Claim.

# ARTICLE VI
# BENEFICIARIES

6.1     Identification of Beneficiaries.  The Liquidating Trust Interests of each Beneficiary in the Liquidating Trust shall be recorded and set forth in a register (the "Register") maintained by the Liquidating Trustee expressly for such purpose.  In order to determine the actual names and addresses of the Beneficiaries, the Liquidating Trustee may either (i) rely upon the official claims register maintained in the Chapter 11 Case, or (ii) deliver a notice to the Beneficiaries.  Such notice will include a form for each Beneficiary to complete in order to be properly registered as a Beneficiary and be eligible for distributions under the Liquidating Trust.  The Liquidating Trustee agrees that upon thirty (30) days' prior written notice delivered to it by a Beneficiary, the Liquidating Trustee shall make available, during regular business hours, the Register for inspection by the Beneficiary or the Beneficiary's authorized representative.  Each Beneficiary's Liquidating Trust Interest is dependent upon such Beneficiary's classification under the Plan and the status of its Allowed General Unsecured Claim.  Each distribution by the Liquidating Trustee to the Beneficiaries shall be made in accordance with the terms set forth in Article V hereof and the Plan.

6.2     Beneficial Interest Only.  The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary or the Grantor to any title in or to the Liquidating Trust Assets or to any right to call for a partition or division of such Liquidating Trust Assets or to require an accounting, except as specifically provided herein.

6.3     Ownership of Beneficial Interests Hereunder.  Each Beneficiary shall own a beneficial interest in the Liquidating Trust equal in proportion to the Pro Rata share of such Beneficiary's Allowed General Unsecured Claim in accordance with the Plan.

6.4     Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Liquidating Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.

6.5     Limitation on Transferability.  It is understood and agreed that the beneficial interests in the Liquidating Trust shall be non-assignable during the term of this Agreement except by operation of law.  An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of assignment by operation of law.  The Liquidating Trustee may rely upon such proof without the requirement of any further investigation.  Any notice of a change of beneficial interest ownership as permitted by operation of law shall be forwarded to the Liquidating Trustee by registered or certified mail as set forth herein.  The notice shall be executed by both the transferee and the transferor, and the signatures of the parties shall be acknowledged before a notary public and as required by Bankruptcy Rule 3001(e). The notice must clearly describe the interest to be transferred.  The Liquidating Trustee may conclusively rely upon such signatures and acknowledgments as evidence of such transfer without the requirement of any further investigation.

# ARTICLE VII
# THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1 <u>Parties Dealing With the Liquidating Trustee</u>. In the absence of actual knowledge to the contrary, any person dealing with the Liquidating Trust or the Liquidating Trustee shall be entitled to rely on the authority of the Liquidating Trustee or any of the Liquidating Trustee's agents to act in connection with the Liquidating Trust Assets. No person or entity which may deal with the Liquidating Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

7.2 <u>Limitation of Liquidating Trustee's Liability</u>. Anything herein to the contrary notwithstanding, in exercising the rights granted herein, the Liquidating Trustee shall exercise his/her best judgment, to the end that the affairs of the Liquidating Trust shall be properly managed and the interests of all the Beneficiaries and the Grantor are safeguarded; but the Liquidating Trustee shall not incur any responsibility or liability by reason of any error of law or of any matter or thing done or suffered or omitted to be done under this Agreement, except for gross negligence, willful misconduct, fraud or intentional misconduct.

7.3 <u>Indemnification</u>. The Liquidating Trustee shall be indemnified and receive reimbursement against and from all loss, liability, expense (including counsel fees) or damage which the Liquidating Trustee may incur or sustain in the exercise and performance of any of the Liquidating Trustee's powers and duties under this Agreement, to the full extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from the Liquidating Trustee's willful misconduct, fraud, intentional misconduct or gross negligence. The amounts necessary for such indemnification and reimbursement shall be paid by the Liquidating Trustee out of the Liquidating Trust Assets, except as otherwise provided in the Plan. The Liquidating Trustee shall not be personally liable for the payment of any Liquidating Trust expense or claim or other liability of the Liquidating Trust, and no Entity shall look to the Liquidating Trustee personally for the payment of any such expense or liability. This indemnification shall survive the death, dissolution, resignation or removal, as may be applicable, of the Liquidating Trustee, or the termination of the Liquidating Trust, and shall inure to the benefit of the Liquidating Trustee's heirs and assigns.

# ARTICLE VIII
# SELECTION, REMOVAL AND COMPENSATION OF LIQUIDATING TRUSTEE

8.1 <u>Initial Liquidating Trustee</u>. The initial Liquidating Trustee shall be _____.

8.2 <u>Term of Service</u>. The Liquidating Trustee shall serve until (a) the completion of all the Liquidating Trustee's duties, responsibilities and obligations under this Agreement and the Plan; (b) termination of the Liquidating Trustee in accordance with this Agreement; or (c) the Liquidating Trustee's death, resignation or removal.

8.3 <u>Removal of a Liquidating Trustee</u>. Any person serving as Liquidating Trustee may be removed at any time by majority vote of the Liquidating Trust Committee or an order of

11

DOCS_SF:67347.1
Case: 09-11078    Doc# 269-1    Filed: 10/09/09    Entered: 10/09/09 14:55:42    Page 12 of 18

the Bankruptcy Court on notice to the Liquidating Trustee and the Liquidating Trust Committee, and a determination by the Bankruptcy Court that such removal is appropriate upon a showing of good cause. The removal shall be effective on the date specified in the order.

        8.4      <u>Resignation of Liquidating Trustee</u>. The Liquidating Trustee may resign at any time by giving the Beneficiaries and Liquidating Trust Committee at least ninety (90) days written notice of his or her intention to do so. In the event of a resignation, the resigning Liquidating Trustee shall render to the Beneficiaries a full and complete accounting of monies and Liquidating Trust Assets received, disbursed, and held during the term of office of that Liquidating Trustee. The resignation shall be effective on the later to occur of: (i) the date specified in the notice; or (ii) the appointment of a successor by the Liquidating Trust Committee and the acceptance by such successor of such appointment; *provided*, that if a successor Liquidating Trustee is not appointed or does not accept his or her appointment within ninety (90) days following delivery of notice of resignation, the resigning Liquidating Trustee may petition the Bankruptcy Court for the appointment of a successor Liquidating Trustee.

        8.5      <u>Appointment of Successor Liquidating Trustee</u>. Upon the resignation, death, incapacity, or removal of a Liquidating Trustee, the Liquidating Trust Committee shall appoint a successor Liquidating Trustee to fill the vacancy so created, and shall provide notice to the Bankruptcy Court of the identity of the successor Liquidating Trustee. Any successor Liquidating Trustee so appointed shall consent to and accept in writing the terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee.

        8.6      <u>Powers and Duties of Successor Liquidating Trustee</u>. A successor Liquidating Trustee shall have all the rights, privileges, powers, and duties of his or her predecessor under this Agreement and the Plan. Notwithstanding anything to the contrary herein, a removed or resigning Liquidating Trustee shall, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or, instruments conveying and transferring to such successor Liquidating Trustee under the Liquidating Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidating Trustee.

        8.7      <u>Liquidating Trust Continuance</u>. The death, resignation or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidating Trustee. In the event that a successor Liquidating Trustee is not appointed within thirty (30) days of when required under this Agreement, any Beneficiary may apply to the Bankruptcy Court for appointment of a successor Liquidating Trustee upon notice to the Liquidating Trust Committee.

        8.8      <u>Compensation and Costs of Administration</u>. The Liquidating Trustee shall receive fair and reasonable compensation for his/her services in accordance with his/her customary rates, which shall be disclosed in a filing with the Bankruptcy Court and charged against and paid out of the Liquidating Trust Assets (subject to the limitations set forth in this Agreement and the Plan), *provided*, that no compensation may be paid to the Liquidating Trustee or his/her professionals unless and until the following procedures have been followed with respect to any individual request for compensation: (i) the Liquidating Trustee shall submit to the

Liquidating Trust Committee a statement or statements ("Statements") reflecting all fees (itemized, as applicable, to indicate the individual performing services, such individual's billable rate, a description of the services performed, the time spent, and the fees incurred) and itemized costs to be reimbursed, (ii) the amount reflected in any such Statements may be paid by the Liquidating Trust after 20 days after the delivery of the Statements as specified in clause (i) above, unless prior to the expiration of such 20-day period, the Liquidating Trust Committee shall have objected in writing to any compensation reflected in the Statement, in which case the undisputed amounts may be paid and the disputed amounts may only be paid by agreement of the Liquidating Trust Committee, or pursuant to Final Order of the Bankruptcy Court, which shall retain exclusive jurisdiction over all disputes regarding the Liquidating Trustee's compensation. All costs, expenses, and obligations, including without limitation filing fees, incurred by the Liquidating Trustee (or professionals who may be employed by the Liquidating Trustee in administering the Liquidating Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid from the applicable Liquidating Trust Assets prior to any distribution to the Beneficiaries (subject to the limitations set forth in this Agreement and the Plan). If the cash in the Liquidating Trust shall be insufficient to compensate and reimburse the Trustees or the members of the Liquidating Trust Committee, as the case may be, for any amounts to which they are entitled hereunder, then the Liquidating Trustee is hereby authorized to reduce to cash that portion of the Liquidating Trust Assets that are Causes of Action necessary so as to effect such compensation and reimbursement, subject to the terms of the Plan and the Compromise Agreement.

  8.9 <u>Annual Reporting and Filing Requirements</u>.

  8.9.1 Within 45 days after the end of each calendar year, the Liquidating Trustee shall furnish a report to the Liquidating Trust Committee of all Liquidating Trust Assets received by the Liquidating Trust, all Liquidating Trust Assets disbursed to Beneficiaries, all Liquidating Trust Assets disbursed for professional fees and costs of administering the Liquidating Trust (including compensation paid to the Liquidating Trustee), and all Liquidating Trust Assets held by the Liquidating Trust during the preceding calendar year. The Liquidating Trustee's report will be available and provided to any Beneficiary upon request.

  8.9.2 The Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other applicable laws or regulations. The Liquidating Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

  8.9.3 The tax returns filed by the Liquidating Trustee shall report all Liquidating Trust earnings for the taxable year being reported.

  8.10 <u>Confidentiality</u>. The Liquidating Trustee shall, while serving as Liquidating Trustee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Liquidating Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Liquidating Trust Assets relate or of which he has become aware in his/her capacity as Liquidating Trustee.

# ARTICLE IX
# MAINTENANCE OF RECORDS

9.1 The Liquidating Trustee shall maintain books and records containing a description of all property from time to time constituting the Liquidating Trust Assets and an accounting of all receipts and disbursements. Upon thirty (30) days' prior written notice delivered to the Liquidating Trustee, said books and records shall be open to inspection by any Beneficiary at any reasonable time during normal business hours; *provided* that, if so requested, such Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Liquidating Trustee. The Liquidating Trustee shall furnish to any Beneficiary upon written request an annual statement of receipts and disbursements of the Liquidating Trust. Such books and records may be destroyed without further notice to parties or approval of the Bankruptcy Court five (5) years after the final report to the Bankruptcy Court has been rendered by the Liquidating Trustee (unless such records and documents are necessary to fulfill the Liquidating Trustee's obligations pursuant to this Agreement).

# ARTICLE X
# DURATION OF LIQUIDATING TRUST

10.1 <u>Duration</u>. The Liquidating Trust shall become effective upon the Effective Date of the Plan. Thereupon, this Agreement shall remain and continue in full force and effect until the Liquidating Trust is terminated in accordance with the provisions of this Agreement and the Plan.

10.2 <u>Termination of the Liquidating Trust.</u> The duties, responsibilities and powers of the Liquidating Trustee, and the Liquidating Trust, shall terminate on the earlier of (i) full resolution of all Liquidating Trust Assets transferred to the Liquidating Trust, distribution of the Liquidating Trust Assets and the net proceeds thereof in accordance with this Plan and the Liquidating Trust Agreement, and conclusion of all matters relative to the administration of the Liquidating Trust, except for the filing of all final tax returns, (ii) payment in full in Cash of the Allowed Claims of holders of Allowed General Unsecured Claims, or (iii) three (3) years from the Effective Date; *provided*, *however*, subject to approval of the Bankruptcy Court upon a finding for cause shown that an extension is necessary for the purpose of the Liquidating Trust, the term of the Liquidating Trust may be extended for a finite period based upon the particular circumstances at issue. Each such extension must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term.

10.3 <u>Continuance of Liquidating Trust for Winding Up</u>. After the termination of the Liquidating Trust and for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until his duties have been fully performed, including, without limitation, such post-distribution tasks as necessary to windup the affairs of the Liquidating Trust. After the termination of the Liquidating Trust, the Liquidating Trustee shall retain for a period of five (5) years the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after five (5) years from the completion and winding up of the affairs of the Liquidating Trust. Except as otherwise specifically provided herein, upon

the discharge of all liabilities of the Liquidating Trust and final distribution of the Liquidating Trust, the Liquidating Trustee shall have no further duties or obligations hereunder.

## ARTICLE XI
## MISCELLANEOUS

11.1  <u>Preservation of Privilege</u>.  In connection with the rights, claims, and Liquidating Trust Retained Claims and/or Defenses that constitute Liquidating Trust Assets, any attorney - client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidating Trust pursuant to the terms of the Plan or otherwise shall vest in the Liquidating Trustee and his representatives, and the the Grantor and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary.

11.2  <u>Notices</u>.  All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Liquidating Trustee.  Any notice or other communication which may be or is required to be given, served, or sent to the Liquidating Trust or the Liquidating Trust Committee, as applicable, shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

If to the Liquidating Trust:

Liquidating Trustee
_____
_____
_____
_____
e-mail:
Fax:

With copy to:

Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, California 94111
Fax:  (415) 263-7010
Attn:   John D. Fiero, Esq.
        Maxim B. Litvak, Esq.

If to the Liquidating Trust Committee:

_____
_____
_____
_____

15

  If to a Beneficiary:

    To the name and address set forth on the Register for such Beneficiary,

or to such other address as may from time to time be provided in written notice, as applicable.

  11.3 <u>No Bond</u>.  Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction.

  11.4 <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to principles of conflicts of law.

  11.5 <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

  11.6 <u>Headings</u>.  The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

  11.7 <u>No Execution</u>.  All funds in the Liquidating Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Person can execute upon, garnish or attach the Liquidating Trust Assets or the Liquidating Trust in any manner or compel payment from the Liquidating Trust except by Final Order of the Bankruptcy Court.  Payment will be solely governed by this Agreement and the Plan.

  11.8 <u>Intention of Parties to Establish Grantor Liquidating Trust</u>.  This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.

  11.9 <u>Amendment</u>.  This Agreement may be amended only by order of the Bankruptcy Court.

  11.10 <u>Severability</u>.  If any term, provision covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

  11.11 <u>Counterparts and Facsimile Signatures</u>.  This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

        HUMBOLDT CREAMERY, LLC

By:_____
Name: Len Mayer
Title: Chief Executive Officer

LIQUIDATING TRUSTEE

By:_____
Name:_____
Title:_____

17