1 | John D. Fiero (CA Bar No. 136557)
2 | Maxim B. Litvak (CA Bar No. 215852)
Gail S. Greenwood (CA Bar No. 169939)
3 | PACHULSKI STANG ZIEHL & JONES, LLP
150 California Street, 15th Floor
4 | San Francisco, California 94111-4500
Telephone: 415/263-7000
5 | Facsimile: 415/263-7010

Michael H. Ahrens (CA Bar No. 44766)
Steven B. Sacks (CA Bar No. 98875)
Ori Katz (CA Bar No. 209561)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415/434-9100
Facsimile: 415/434-3947

6
7 | Attorneys for Official Committee
of Unsecured Creditors

Attorneys for Humboldt Creamery, LLC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

In re:

**HUMBOLDT CREAMERY, LLC,**
a Delaware limited liability company,

Debtor.

Case No.: 09-11078

Chapter 11

**FIRST AMENDED JOINT PLAN OF LIQUIDATION PROPOSED BY THE DEBTOR AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

<u>Plan Confirmation Hearing</u>
Date: December 18, 2009
Time: 10:00 a.m.
Place: 99 South E. Street
Santa Rosa, CA 95404
Judge: Hon. Alan Jaroslavsky

**TABLE OF CONTENTS**

**ARTICLE 1 DEFINITIONS AND RULES OF INTERPRETATION**..................................................1

    **1.1**    **Administrative Claim.**...........................................................................................1

    **1.2**    **Administrative Claim Bar Date.**........................................................................2

    **1.3**    **Agent.**......................................................................................................................2

    **1.4**    **Allowed.**..................................................................................................................2

    **1.5**    **Avoidance Actions.**...............................................................................................3

    **1.6**    **Banks.**.....................................................................................................................3

    **1.7**    **Bank Loan Agreement.**.........................................................................................3

    **1.8**    **Bankruptcy Code.**.................................................................................................3

    **1.9**    **Bankruptcy Court.**................................................................................................3

    **1.10**    **Bankruptcy Rules.**................................................................................................3

    **1.11**    **Bar Date.**...............................................................................................................3

    **1.12**    **Business Day.**.........................................................................................................3

    **1.13**    **Cash.**.......................................................................................................................4

    **1.14**    **Causes of Action and Defenses.**...........................................................................4

    **1.15**    **Chapter 11 Case.**..................................................................................................4

    **1.16**    **Charter.**..................................................................................................................4

    **1.17**    **Claim.**.....................................................................................................................4

    **1.18**    **Claim Objection Deadline.**...................................................................................5

    **1.19**    **Class.**......................................................................................................................5

    **1.20**    **CoBank.**.................................................................................................................5

    **1.21**    **CoBank Claim.**......................................................................................................5

    **1.22**    **Compromise Agreement.**.....................................................................................5

    **1.23**    **Confirmation.**........................................................................................................5

    **1.24**    **Confirmation Date.**..............................................................................................5

    **1.25**    **Confirmation Hearing.**.........................................................................................5

    **1.26**    **Confirmation Order.**............................................................................................5

    **1.27**    **Creditor.**................................................................................................................5

    **1.28**    **Creditors' Committee.**.........................................................................................6

    **1.29**    **Debtor.**...................................................................................................................6

    **1.30**    **Disclosure Statement.**..........................................................................................6

    **1.31**    **Disputed.**................................................................................................................6

    **1.32**    **Effective Date.**......................................................................................................6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

| | | |
|---|---|---|
| 1.33 | Estate. | 6 |
| 1.34 | Estate Assets | 6 |
| 1.35 | Estimated | 6 |
| 1.36 | Final Order. | 6 |
| 1.37 | General Unsecured Claim | 7 |
| 1.38 | Insider. | 7 |
| 1.39 | Interests. | 7 |
| 1.40 | Lien. | 7 |
| 1.41 | Liquidating Trust. | 7 |
| 1.42 | Liquidating Trust Agreement. | 7 |
| 1.43 | Liquidating Trust Assets | 7 |
| 1.44 | Liquidating Trust Cash | 7 |
| 1.45 | Liquidating Trust Committee. | 7 |
| 1.46 | Liquidating Trustee. | 7 |
| 1.47 | Liquidating Trust Interests. | 8 |
| 1.48 | Liquidating Trust Retained Claims and/or Defenses. | 8 |
| 1.49 | Miscellaneous Secured Claim. | 8 |
| 1.50 | Permitted Payment. | 8 |
| 1.51 | Person. | 8 |
| 1.52 | Petition Date. | 8 |
| 1.53 | Plan. | 8 |
| 1.54 | Priority Non-Tax Claim. | 8 |
| 1.55 | Priority Tax Claim. | 8 |
| 1.56 | Pro Rata. | 8 |
| 1.57 | Professional. | 9 |
| 1.58 | Professional Fees. | 9 |
| 1.59 | Professional Fees Bar Date. | 9 |
| 1.60 | Proponents. | 9 |
| 1.61 | Rejection Claim Bar Date. | 9 |
| 1.62 | Schedules. | 9 |
| 1.63 | Secured Claim. | 9 |
| 1.64 | Unsecured Deficiency Claim. | 10 |
| **ARTICLE 2 TREATMENT OF UNCLASSIFIED CLAIMS** | | **10** |
| 2.1 | Unclassified Claims. | 10 |
| 2.2 | Administrative Claims. | 10 |
| 2.3 | Priority Tax Claims. | 10 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

| | | |
|---|---|---|
| **2.4** | **Claims for Professional Fees.** | **11** |
| **ARTICLE 3 CLASSIFICATION OF CLAIMS AND INTERESTS** | | **11** |
| **3.1** | **Summary of Classification.** | **11** |
| **3.2** | **Classes Under the Plan.** | **11** |
| **ARTICLE 4 TREATMENT OF CLAIMS AND INTERESTS** | | **12** |
| **4.1** | **Class 1 – Priority Non-Tax Claims.** | **12** |
| | **4.1.1 Impairment and Voting.** | **12** |
| | **4.1.2 Treatment.** | **12** |
| **4.2** | **Class 2 – Miscellaneous Secured Claims.** | **12** |
| | **4.2.1 Impairment and Voting.** | **12** |
| | **4.2.2 Alternative Treatment.** | **12** |
| | **(a) Abandonment or Surrender.** | **13** |
| | **(b) Cash Payment.** | **13** |
| | **(c) Unimpairment.** | **13** |
| | **4.2.3 Unsecured Deficiency Claim** | **13** |
| **4.3** | **Class 3 – CoBank Claims.** | **13** |
| | **4.3.1 Impairment and Voting.** | **13** |
| | **4.3.2 Treatment.** | **13** |
| **4.4** | **Class 4 – General Unsecured Claims.** | **13** |
| | **4.4.1 Impairment and Voting.** | **13** |
| | **4.4.2 Treatment.** | **13** |
| **4.5** | **Class 5 – Interests.** | **14** |
| | **4.5.1 Impairment and Voting.** | **14** |
| | **4.5.2 Treatment.** | **14** |
| **4.6** | **Nonconsensual Confirmation.** | **14** |
| **ARTICLE 5 IMPLEMENTATION OF THE PLAN** | | **14** |
| **5.1** | **Establishment and Funding of Liquidating Trust.** | **14** |
| **5.2** | **Purpose of Liquidating Trust.** | **15** |
| **5.3** | **Liquidating Trustee.** | **15** |
| | **5.3.1 Generally.** | **15** |
| | **5.3.2 Responsibilities and Authority of Liquidating Trustee.** | **16** |
| | **5.3.3 Powers of the Liquidating Trustee.** | **16** |
| | **5.3.4 Compensation of Liquidating Trustee and Professionals.** | **17** |
| **5.4** | **Liquidating Trust Committee.** | **17** |
| | **5.4.1 Generally.** | **17** |
| | **5.4.2 Duties of Liquidating Trust Committee.** | **18** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

|  | 5.4.3 | Reimbursement of Expenses of Liquidating Trust Committee. | 18 |
| 5.5 | | Vesting of Estate Assets. | 18 |
| 5.6 | | Liquidating Trust Retained Claims and/or Defenses. | 18 |
| 5.7 | | Wind-Up and Dissolution of the Debtor. | 19 |
| 5.8 | | Dissolution of the Creditors' Committee. | 19 |
| 5.9 | | Final Decree. | 20 |

**ARTICLE 6 PROVISIONS GOVERNING DISTRIBUTIONS** ................ 20

| 6.1 | Distributions Under the Plan. | 20 |
| 6.2 | Estimation. | 20 |
| 6.3 | Distributions on Account of Disputed Claims and Estimated Claims. | 20 |
| 6.4 | No Distributions Pending Allowance. | 20 |
| 6.5 | Objection Deadline. | 20 |
| 6.6 | Disputed and Estimated Claims Reserve. | 21 |
| 6.7 | Settling Disputed Claims. | 21 |
| 6.8 | Distributions in Cash. | 21 |
| 6.9 | Unclaimed Distributions. | 21 |
| 6.10 | Setoff. | 21 |
| 6.11 | Taxes. | 22 |
| 6.12 | De Minimis Distributions. | 22 |

**ARTICLE 7 EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ........ 22

| 7.1 | Rejection of Executory Contracts and Unexpired Leases. | 22 |
| 7.2 | Bar Date for Rejection Damages. | 23 |

**ARTICLE 8 CONDITIONS PRECEDENT** ................ 23

| 8.1 | Conditions to Confirmation. | 23 |
| 8.2 | Conditions to Effectiveness. | 23 |
| 8.3 | Waiver of Conditions. | 24 |

**ARTICLE 9 EFFECTS OF CONFIRMATION** ................ 24

| 9.1 | Binding Effect. | 24 |
| 9.2 | Property Revests Free and Clear. | 24 |
| 9.3 | Permanent Injunction. | 24 |
| 9.4 | Exoneration and Reliance. | 25 |

**ARTICLE 10 RETENTION OF JURISDICTION** ................ 26

**ARTICLE 11 AMENDMENT AND WITHDRAWAL OF PLAN** ........ 28

| 11.1 | Amendment of the Plan. | 28 |
| 11.2 | Revocation or Withdrawal of the Plan. | 28 |

**ARTICLE 12 MISCELLANEOUS** ................ 28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

| | | |
|---|---|---:|
| 12.1 | Effectuating Documents; Further Transactions; Timing. | 28 |
| 12.2 | Exemption From Transfer Taxes. | 29 |
| 12.3 | Governing Law. | 29 |
| 12.4 | Quarterly Fees to the United States Trustee. | 29 |
| 12.5 | Timing of Payment. | 29 |
| 12.6 | Notice of Confirmation. | 29 |
| 12.7 | Successors and Assigns. | 30 |
| 12.8 | Notices. | 30 |
| | 12.8.1 Notice to Claim and Interest Holders. | 30 |
| | 12.8.2 Post-Effective Date Notices. | 30 |
| 12.9 | Incorporation by Reference. | 30 |
| 12.10 | Computation of Time. | 30 |
| 12.11 | Conflict of Terms. | 30 |
| 12.12 | Severability of Plan Provisions. | 31 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Humboldt Creamery, LLC and the Official Committee of Unsecured Creditors jointly propose the following plan of liquidation under Section 1121(a) of the Bankruptcy Code for the resolution of the Debtor's outstanding Claims and Interests. All Creditors and other parties-in-interest should refer to the Disclosure Statement for a discussion of the Debtor's history, business, properties, results of operations, and events leading up to the contemplated restructuring and for a summary and analysis of the Plan and certain related matters. ***All holders of Claims against, and Interests in, the Debtor are encouraged to read the Plan, the Disclosure Statement and the related solicitation materials in their entirety before voting to accept or reject the Plan.***

Pursuant to the Plan, the Debtor's assets will be transferred to a liquidating trust for the purpose of maximizing the value of such assets, reconciling claims against the Estate, and making distributions to Creditors in accordance with the priorities set forth herein.

Subject only to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Proponents expressly reserve the right to alter, amend or modify the Plan.

## ARTICLE 1

### DEFINITIONS AND RULES OF INTERPRETATION

For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined herein have the meanings ascribed to them in this Article 1 of the Plan. Any term used in the Plan that is not defined herein but is defined in the Bankruptcy Code or the Bankruptcy Rules retains the meaning specified for such term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. Whenever the context requires, each of the terms defined herein includes the plural as well as the singular, the masculine gender includes the feminine gender, and the feminine gender includes the masculine gender.

As used in this Plan, the following terms have the meanings specified below:

**1.1    Administrative Claim.** A Claim for any expense of administration of the Chapter 11 Case under Section 503(b) of the Bankruptcy Code and entitled to priority under Section 507(a)(2) of the Bankruptcy Code, including, without limitation: (a) actual and necessary costs and expenses incurred in the ordinary course of the Debtor's business, including the value of any goods received

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

by the Debtor within 20 days before the Petition Date in the ordinary course of business for purposes of Section 503(b)(9) of the Bankruptcy Code; (b) actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case; (c) all Professional Fees; and (d) all fees payable under 28 U.S.C. § 1930.

**1.2    Administrative Claim Bar Date.**  The date established under the Confirmation Order, which is expected to be approximately thirty (30) days following the Effective Date, by which certain entities asserting an Administrative Claim (excluding Professional Fee Claims) against the Debtor must have filed a request for payment with the Bankruptcy Court under Section 503(a) of the Bankruptcy Code, or be forever barred from asserting an Administrative Claim against the Debtor and/or sharing in any distribution under the Plan, provided, however, that the Administrative Claim Bar Date for claims arising under Section 503(b)(9) of the Bankruptcy Code shall be October 30, 2009 and the Administrative Claim Bar Date for certain Administrative Claims arising on or before August 27, 2009 shall be December 9, 2009, to the extent set by order of the Bankruptcy Court.

**1.3    Agent.**  Any shareholder, director, officer, employee, partner, member, agent, attorney, accountant, advisor or other representative of any person or entity (solely in their respective capacities as such, and not in any other capacity).

**1.4    Allowed.**  With respect to Claims:  (a) any Claim, proof of which, request for payment of which, or application for allowance of which, was filed on or before the Bar Date, Administrative Claim Bar Date, or Professional Fees Bar Date, as applicable, for Claims of such type against the Debtor; (b) any Claim, if no proof of Claim is filed, which has been or is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent; or (c) any Claim that is expressly allowed by the Plan or under any agreement entered into in connection with the Plan; provided, however, that with respect to any Claim described in clauses *(a)* or *(b)* above, such Claim shall be considered Allowed only if either (i) no objection to the allowance thereof has been interposed by the Claims Objection Deadline, or (ii) an objection to the Claim has been interposed and a Final Order has been entered allowing the Claim for distribution purposes, or (iii) the Liquidating Trust has agreed to settle and allow the Claim, without the need for Bankruptcy Court approval, in accordance with the Plan.  The term "Allowed," when used to modify a reference in the Plan to any

Claim or Class of Claims means a Claim (or any Claim in any such Class) that is so allowed. The term "Allowed Claim," will not, for purposes of computing distributions under the Plan, include interest on such claim from and after the Petition Date, other than as permitted under the Bankruptcy Code.

**1.5 Avoidance Actions.** All causes of action of the Estate under Sections 506(c), 506(d), 510, 542, 543, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, and any state law fraudulent transfer claims, whether or not such actions seek an affirmative recovery or are raised as a defense to, or offset against, the allowance of a Claim.

**1.6 Banks.** The various lenders under the Bank Loan Agreement, and any successors or assigns thereof.

**1.7 Bank Loan Agreement.** That certain *Loan Agreement*, dated January 3, 2005 (as amended, and together with all supporting and ancillary documents), among the Debtor and CoBank, in its capacity as agent for itself and the Banks.

**1.8 Bankruptcy Code.** Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time and as applicable to the Chapter 11 Case.

**1.9 Bankruptcy Court.** The United States Bankruptcy Court for the Northern District of California having jurisdiction over the Chapter 11 Case.

**1.10 Bankruptcy Rules.** Collectively, the Federal Rules of Bankruptcy Procedure as promulgated under 28 U.S.C. § 2075 and any Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Case.

**1.11 Bar Date.** The date or dates fixed by the Bankruptcy Court by which all Persons (except holders of Claims that appear in the Schedules and are **not** scheduled as disputed, contingent or unliquidated) asserting a Claim against the Debtor (except Administrative Claims) must file a proof of claim or be forever barred from asserting a Claim against the Debtor or their property, voting on the Plan, and sharing in distributions under the Plan.

**1.12 Business Day.** Any day other than a Saturday, Sunday, or legal holiday, as defined in Bankruptcy Rule 9006(a).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 09-11078   Doc# 309   Filed: 11/13/09   Entered: 11/13/09 17:54:00   Page 9 of 39

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**1.13  Cash.**  Currency, checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately available funds.

**1.14  Causes of Action and Defenses.**  Any and all claims, causes of action, cross-claims, counterclaims, third-party claims, indemnity claims, contribution claims, defenses, demands, rights, actions, debts, damages, judgments, remedies, Liens, indemnities, guarantees, suits, obligations, liabilities, accounts, offsets, recoupments, rights of subordination or subrogation, powers, privileges, licenses, and franchises of any kind or character whatsoever, known or unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, disputed or undisputed, foreseen or unforeseen, direct or indirect, choate or inchoate, held by the Debtor or its Estate, whether arising before, on or after the Petition Date, including through the Effective Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law.  For the avoidance of doubt, the term "Causes of Action and Defenses" shall include, but not be limited to: (a) all rights of setoff, counterclaim, or recoupment and claims on contracts or for breaches of duties imposed by law or in equity; (b) the right to object to Claims; (c) all claims pursuant to Section 362 of the Bankruptcy Code, (d) all Avoidance Actions; and (e) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in Section 558 of the Bankruptcy Code.

**1.15  Chapter 11 Case.**  The case under Chapter 11 of the Bankruptcy Code in which the Debtor is a debtor and debtor-in-possession pending before the Bankruptcy Court.

**1.16  Charter.**  The limited liability company agreement and any other organizational documents governing the operations of the Debtor, as amended or supplemented.

**1.17  Claim.**  A claim as defined in Section 101(5) of the Bankruptcy Code, including, without limitation: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, arising at any time before the Effective Date; or (b) any right to an equitable remedy arising at any time before the Effective Date for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**1.18  Claim Objection Deadline.**  The last day by which the Liquidating Trust may file objections to Claims, which day shall be the later of (a) 180 days after the Effective Date, (b) 60 days after the filing of a proof of claim for, or request for payment of, such Claim, or (c) such other date as the Bankruptcy Court may order.  The filing of a motion to extend the Claims Objection Deadline by any party shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion.  In the event that such motion to extend the Claims Objection Deadline is denied by the Bankruptcy Court, or approved by the Bankruptcy Court and reversed on appeal, the Claims Objection Deadline shall be the later of the then current Claims Objection Deadline (as previously extended, if applicable) or 30 days after entry of a Final Order denying the motion to extend the Claims Objection Deadline.

**1.19  Class.**  A category of holders of Claims or Interests which are substantially similar in nature to the Claims or Interests of other holders placed in such category, as designated in Article 3 of this Plan.

**1.20  CoBank.**  CoBank, ACB, a federally chartered instrumentality under the Farm Credit Act of 1971.

**1.21  CoBank Claim.**  Any Claim arising under the Bank Loan Agreement or otherwise asserted by CoBank or the Banks against the Debtor.

**1.22  Compromise Agreement.**  That certain *Compromise Agreement Among CoBank, ACB, Humboldt Creamery, LLC and the Official Committee of Unsecured Creditors* dated as of August 25, 2009, and approved by order of the Bankruptcy Court entered on August 27, 2009.

**1.23  Confirmation.**  Entry of the Confirmation Order by the Bankruptcy Court.

**1.24  Confirmation Date.**  The date on which the Bankruptcy Court enters the Confirmation Order.

**1.25  Confirmation Hearing.**  The hearing or hearings to consider confirmation of the Plan under Section 1129 of the Bankruptcy Code, as such hearing(s) may be adjourned from time to time.

**1.26  Confirmation Order.**  The order of the Bankruptcy Court confirming the Plan.

**1.27  Creditor.**  Has the meaning set forth in Section 101(10) of the Bankruptcy Code.

**1.28 Creditors' Committee.** The Official Committee of Unsecured Creditors, appointed by the United States Trustee in the Chapter 11 Case in accordance with Section 1102(a)(1) of the Bankruptcy Code, as it may be reconstituted from time to time.

**1.29 Debtor.** Humboldt Creamery, LLC.

**1.30 Disclosure Statement.** The disclosure statement relating to the Plan including, without limitation, all exhibits and schedules to such disclosure statement, in the form approved by the Bankruptcy Court under Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

**1.31 Disputed.** With respect to Claims, means any Claim that is not an Allowed Claim or Estimated Claim. The term "Disputed," when used to modify a reference in the Plan to any Claim or Class of Claims, means a Claim (or any Claim in any such Class) that is so disputed.

**1.32 Effective Date.** The first Business Day after the Confirmation Date immediately following the first day upon which all of the conditions to the occurrence of the Effective Date have been satisfied or waived in accordance with the Plan.

**1.33 Estate.** The estate of the Debtor created in the Chapter 11 Case in accordance with Section 541 of the Bankruptcy Code or otherwise.

**1.34 Estate Assets.** All property of the Estate under Section 541 of the Bankruptcy Code.

**1.35 Estimated.** With respect to Claims, means any Claim that has been estimated by the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code or by agreement of the Debtor and the holder of such Claim.

**1.36 Final Order.** An order or judgment of the Bankruptcy Court that has been entered upon the docket in the Chapter 11 Case and: (a) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending; or (b) in the event that an appeal, writ of certiorari, reargument or rehearing has been sought, such order or judgment shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari, or move for reargument or rehearing shall have expired; provided that, the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or any

analogous rule under the Bankruptcy Rules may be filed with respect to such order or judgment shall not cause such order or judgment not to be a "Final Order."

    **1.37  General Unsecured Claim.**  Any Claim against the Debtor that is *not* (a) an Administrative Claim, (b) a Priority Tax Claim, (c) a Priority Non-Tax Claim, (d) a Miscellaneous Secured Claim, or (e) a CoBank Claim.  For the avoidance of doubt, the term "General Unsecured Claim" shall include any Claim against the Debtor arising under Section 502(h) of the Bankruptcy Code.

    **1.38  Insider.**  Has the meaning set forth in Section 101(31) of the Bankruptcy Code.

    **1.39  Interests.**  An equity security of the Debtor within the meaning of Section 101(16) of the Bankruptcy Code.

    **1.40  Lien.**  A lien as defined in Section 101(37) of the Bankruptcy Code, but not including a lien to the extent that it has been avoided in accordance with Sections 506(d), 510, 544, 545, 546, 547, 548, 553, or 549 of the Bankruptcy Code.

    **1.41  Liquidating Trust.**  The "Humboldt Creamery Liquidating Trust" created under this Plan and governed by the Liquidating Trust Agreement.

    **1.42  Liquidating Trust Agreement.**  The liquidating trust agreement substantially in the form attached to this Plan as **Exhibit A**.

    **1.43  Liquidating Trust Assets.**  The assets held by the Liquidating Trust, which as of the Effective Date, shall constitute the Estate Assets, specifically including without limitation, the Liquidating Trust Cash and the Liquidating Trust Retained Claims and/or Defenses.

    **1.44  Liquidating Trust Cash.**  The Cash in the Estate as of the Effective Date and any Cash realized by the Liquidating Trust from and after the Effective Date.

    **1.45  Liquidating Trust Committee.**  The Persons selected to fill the role of the supervisory committee of the Liquidating Trust in accordance with the Liquidating Trust Agreement and this Plan.

    **1.46  Liquidating Trustee.**  The Person selected to fill the role of trustee of the Liquidating Trust in accordance with the Liquidating Trust Agreement and this Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**1.47  Liquidating Trust Interests.**  The beneficial interests in the Liquidating Trust and the net recoveries of the Liquidating Trust after disposition or liquidation of the Liquidating Trust Assets, subject to the terms of the Liquidating Trust Agreement.  The Liquidating Trust Interests shall be uncertificated and non-transferable, except by will, intestate succession, or operation of law.

**1.48  Liquidating Trust Retained Claims and/or Defenses.**  Except as otherwise set forth in the Plan, all Causes of Action and Defenses held by the Debtor or the Estate against any Person, including without limitation, the Causes of Action and Defenses identified on **Exhibit B** to the Plan.

**1.49  Miscellaneous Secured Claim.**  A Secured Claim that has not been released or satisfied prior to the Effective Date, excluding the CoBank Claim.

**1.50  Permitted Payment.**  A payment on account of an obligation arising prior to the Petition Date made by the Debtor during the Chapter 11 Case with the permission of the Bankruptcy Court.

**1.51  Person.**  Any individual, corporation, partnership, joint venture, association, joint-stock company, trust, unincorporated association or organization, or other "person" as defined in Bankruptcy Code § 101, as well as any governmental agency, governmental unit or associated political subdivision.

**1.52  Petition Date.**  April 21, 2009, the date when the Debtor commenced the Chapter 11 Case.

**1.53  Plan.**  This Chapter 11 plan of reorganization, either in its present form or as it may be amended, supplemented or modified from time to time, including all of its annexed exhibits and schedules.

**1.54  Priority Non-Tax Claim.**  A Claim (or portion of such Claim) against the Debtor entitled to priority under Sections 507(a)(3), (a)(4), (a)(5) or (a)(7) of the Bankruptcy Code.

**1.55  Priority Tax Claim.**  A Claim (or portion of such Claim) of a governmental unit against the Debtor entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

**1.56  Pro Rata.**  With respect to Claims within the same Class, the proportion that the Claim bears to the sum of all Claims within such Class.

SF:6720v3
SF:61240\1\DOCS_

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**1.57 Professional.** Each Person: (a) employed in accordance with an order of the Bankruptcy Court under Sections 327 or 1103 of the Bankruptcy Code and to be compensated for services under Sections 327, 328, 329, 330, 331 and 504 of the Bankruptcy Code, or (b) for which compensation or reimbursement is requested under Section 503(b)(2)-(b)(6) of the Bankruptcy Code.

**1.58 Professional Fees.** A Claim by a Professional for compensation for services rendered and reimbursement for expenses submitted in accordance with Sections 330, 331, or 503(b) of the Bankruptcy Code for fees and expenses incurred after the Petition Date and prior to and including the Effective Date.

**1.59 Professional Fees Bar Date.** The date fixed under the Confirmation Order, which is expected to be approximately sixty (60) days following the Effective Date, by which any Professional seeking an award of Professional Fees must have filed an application with the Bankruptcy Court under Section 330(a) of the Bankruptcy Code, or be forever barred from an award of Professional Fees against the Debtor and/or sharing in any distribution under the Plan.

**1.60 Proponents.** Collectively, the Debtor and the Creditors' Committee.

**1.61 Rejection Claim Bar Date.** The date fixed under the Confirmation Order, which is expected to be approximately thirty (30) days following the Effective Date, by which any Person asserting a Claim for damages arising from the rejection of an executory contract or unexpired lease under this Plan must have filed a proof of Claim with the Bankruptcy Court under Section 502(g) of the Bankruptcy Code, or be forever barred from asserting such Claim against the Debtor and/or sharing in any distribution under the Plan.

**1.62 Schedules.** The schedules of assets and liabilities, the list of holders of Interests, and the statement of financial affairs filed by the Debtor in the Chapter 11 Case, under Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules, lists, and statements may have been or may be supplemented or amended from time to time.

**1.63 Secured Claim.** A Claim against the Debtor secured by a valid, perfected and enforceable Lien that is not subject to avoidance under bankruptcy or non-bankruptcy law, equal to the lesser of: (a) the Allowed amount of such Claim; or (b) the value, as determined by the Bankruptcy Court pursuant to Sections 506(a) and 1129(b) of the Bankruptcy Code and Bankruptcy

SF:67230.3 58312-001\DOCS_SF:67230.3

Rule 3012, of: (i) the interest of the holder of such Claim in the property of the Debtor securing such Claim, or (ii) the amount subject to setoff under Section 553 of the Bankruptcy Code.

**1.64 Unsecured Deficiency Claim.** A Claim by a Person holding a Secured Claim to the extent the value of such Creditor's collateral, as determined in accordance with Section 506(a) of the Bankruptcy Code, is less than the Allowed amount of such Creditor's Claim as of the Petition Date, after taking into account any election made pursuant to Section 1111(b) of the Bankruptcy Code.

## ARTICLE 2

## TREATMENT OF UNCLASSIFIED CLAIMS

**2.1 Unclassified Claims.** As provided in Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims against the Debtor are not classified for purposes of voting on, or receiving distributions under, the Plan. Holders of such Claims are not entitled to vote on the Plan. All such Claims are instead treated separately in accordance with this Article 2 and in accordance with the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code.

**2.2 Administrative Claims.** Each Allowed Administrative Claim (except for Professional Fees, which shall be treated as set forth in Section 2.4 of the Plan) shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, be paid in full in Cash by the Liquidating Trust on the latest of: (a) the Effective Date, or as soon thereafter as practicable; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) the tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; (d) such date as the holder of such Claim and the Liquidating Trust may agree; and (e) the date such Claim is otherwise due according to its terms. All requests for payment of Administrative Claims (except with respect to Professional Fees, which instead shall be subject to the Professional Fees Bar Date) must be filed by the Administrative Claim Bar Date or the holders thereof shall be forever barred from asserting such Administrative Claims against the Debtor and/or from sharing in any distribution under the Plan.

**2.3 Priority Tax Claims.** Each Allowed Priority Tax Claim shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, be paid in full in Cash by the Liquidating Trust on the latest of: (a) the Effective Date, or as soon thereafter as practicable; (b) such

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) the tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; (d) such date as the holder of such Claim and the Liquidating Trust may agree; and (e) the date such Claim is otherwise due according to its terms.

**2.4    Claims for Professional Fees.**  Each Professional seeking an award by the Bankruptcy Court of Professional Fees: (a) must file its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date on or before the Professional Fees Bar Date; and (b) if the Bankruptcy Court grants such an award, each such Person will be paid in full in Cash by the Liquidating Trust as to Allowed Professional Fees against the Debtor in such amounts as are allowed by the Bankruptcy Court as soon as practicable following the first day after such order has been entered by the Bankruptcy Court and is not stayed.  All final applications for allowance and disbursement of Professional Fees must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order.

# ARTICLE 3

## CLASSIFICATION OF CLAIMS AND INTERESTS

**3.1    Summary of Classification.**  In accordance with Section 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors (except those Claims receiving treatment as set forth in Article 2) and holders of Interests are placed in the Classes described in Section 3.2 below for all purposes, including voting on, confirmation of, and distribution under, the Plan.

**3.2    Classes Under the Plan.**

| Class 1 | Priority Non-Tax Claims | Unimpaired, deemed to accept |
| Class 2 | Miscellaneous Secured Claims (each secured creditor in a separate class identified as Class 2A, Class 2B, etc.) | Unimpaired, deemed to accept |
| Class 3 | CoBank Claims | Impaired, entitled to vote |
| Class 4 | General Unsecured Claims | Impaired, entitled to vote |
| Class 5 | Interests | Impaired, deemed to reject |

Case: 09-11078    Doc# 309    Filed: 11/13/09    Entered: 11/13/09 17:54:00    Page 17 of 39
58312-001\DOCS_SF:67230.9

## ARTICLE 4

### TREATMENT OF CLAIMS AND INTERESTS

**4.1   Class 1 – Priority Non-Tax Claims.**

     **4.1.1   Impairment and Voting.**  Class 1 is unimpaired under the Plan.  Holders of Priority Non-Tax Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

     **4.1.2   Treatment.**  Each holder of an Allowed Priority Non-Tax Claim shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, receive from the Liquidating Trust, in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Priority Non-Tax Claim, a Cash payment in an amount equal to the difference between: (a) such Allowed Non-Tax Claim, and (b) the amount of any Permitted Payments made to the holder of such Claim, on the latest of: (i) the Effective Date, or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (iii) the tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the holder of such Claim and the Liquidating Trust may agree.

**4.2   Class 2 – Miscellaneous Secured Claims.**

     **4.2.1   Impairment and Voting.**  Class 2 is unimpaired under the Plan.  Holders of Miscellaneous Secured Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.  For purposes of distributions under the Plan, each holder of a Miscellaneous Secured Claim in Class 2 is considered to be in its own separate subclass within Class 2, and each such subclass is deemed to be a separate Class for purposes of the Plan.

     **4.2.2   Alternative Treatment.**  On or as soon as practicable following the Effective Date, the Liquidating Trust shall select, in its discretion, one of the following alternative treatments for each Allowed Miscellaneous Secured Claim in Class 2, which treatment shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Miscellaneous Secured Claim:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

(a)  <u>Abandonment or Surrender.</u>  The Liquidating Trust will abandon or surrender to the holder of such Claim the property securing such Claim, in full satisfaction and release of such Claim.

(b)  <u>Cash Payment.</u>  The Liquidating Trust will pay to the holder of such Claim Cash equal to the amount of such Claim, or such lesser amount to which the holder of such Claim and the Liquidating Trust shall agree, in full satisfaction and release of such Claim.

(c)  <u>Unimpairment.</u>  The Liquidating Trust will leave the rights of the holder of such Claim unimpaired or provide for such other treatment as necessary to otherwise satisfy the requirements of the Bankruptcy Code.

**4.2.3  Unsecured Deficiency Claim.**  Any Unsecured Deficiency Claim asserted by a holder of an Allowed Miscellaneous Secured Claim in Class 2 shall be filed with the Bankruptcy Court within thirty (30) days following the date of the abandonment or surrender of such Creditor's collateral or such Creditor's receipt of its distribution under the Plan.  Any such Allowed Unsecured Deficiency Claim shall be treated in accordance with Section 4.4 of the Plan.

**4.3  Class 3 – CoBank Claims.**

**4.3.1  Impairment and Voting.**  Class 3 is impaired under the Plan.  Holders of CoBank Claims are entitled to vote on the Plan.

**4.3.2  Treatment.**  From and after the Effective Date, each holder of an Allowed CoBank Claim shall be treated in accordance with, and shall be entitled to the rights and benefits provided under, the Compromise Agreement, in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed CoBank Claim.

**4.4  Class 4 – General Unsecured Claims.**

**4.4.1  Impairment and Voting.**  Class 4 is impaired under the Plan.  Holders of General Unsecured Claims are entitled to vote on the Plan.

**4.4.2  Treatment.**  On or as soon as practicable following the Effective Date, each holder of an Allowed General Unsecured Claim shall receive a Pro Rata share of the Liquidating Trust Interests.  Such distribution shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, all Allowed General Unsecured Claims held by such holder.

**4.5    Class 5 – Interests.**

  **4.5.1    Impairment and Voting.**  Class 5 is impaired under the Plan.  Holders of Interests are deemed to reject the Plan under Section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

  **4.5.2    Treatment.**  Upon the Effective Date, all existing Interests shall be deemed extinguished and the holders of such Interests shall not receive or retain any property on account of such Interests under the Plan.

**4.6    Nonconsensual Confirmation.**

  The Proponents hereby request confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code in the event that not all impaired classes of Claims and Interests vote to accept the Plan in accordance with Section 1126 of the Bankruptcy Code.

**ARTICLE 5**

**IMPLEMENTATION OF THE PLAN**

  The Plan shall be implemented on the Effective Date.  In addition to the provisions set forth elsewhere in the Plan regarding means of execution, the following shall constitute the principal means for the implementation of the Plan.

**5.1    Establishment and Funding of Liquidating Trust.**

  On the Effective Date, the Debtor shall take any and all actions as may be necessary or appropriate to establish the Liquidating Trust and to transfer the Estate Assets to the Liquidating Trust, which shall thereupon constitute the Liquidating Trust Assets.  The Liquidating Trust's use of, and access to, the Liquidating Trust Cash shall be subject to the limitations on the Debtor set forth in the Compromise Agreement.  The sole beneficiaries of the Liquidating Trust shall be the holders of Allowed General Unsecured Claims in Class 4 under the Plan.  For federal income tax purposes, the beneficiaries of the Liquidating Trust shall be treated as the grantors of the Liquidating Trust and deemed to be the owners of the assets of the Liquidating Trust, and the Debtor shall treat the transfer of the Estate Assets to the Liquidating Trust as a deemed transfer to such beneficiaries followed by a deemed transfer by such beneficiaries to the Liquidating Trust.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 09-11078    Doc# 309    Filed: 11/13/09    Entered: 11/13/09 17:54:00    Page 20 of
39

58312\001\DOCS_SF:67230.3

### 5.2 Purpose of Liquidating Trust.

The Liquidating Trust shall be established for the purpose of: (a) addressing the Claims of holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Miscellaneous Secured Claims, and Allowed CoBank Claims to the extent contemplated by the Plan; and (b) liquidating and distributing the Liquidating Trust Assets for the benefit of holders of Allowed General Unsecured Claims in Class 4 under the Plan, subject to the terms of the Liquidating Trust Agreement and the Compromise Agreement. The Liquidating Trust shall have no objective to continue or engage in the conduct of a trade or business and shall not be deemed a successor-in-interest of the Debtor or the Estate for any purpose other than as specifically set forth herein. For the avoidance of doubt, the Liquidating Trust's obligations to holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Miscellaneous Secured Claims, and Allowed CoBank Claims under the Plan shall be contractual in nature and limited to the express requirements set forth in the Plan. The Liquidating Trust shall owe no fiduciary duty to the holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Miscellaneous Secured Claims, and Allowed CoBank Claims.

### 5.3 Liquidating Trustee.

**5.3.1 Generally.** The retention of the initial Liquidating Trustee and any successor shall be pursuant to the Liquidating Trust Agreement. The Liquidating Trustee shall be deemed to have been appointed as the representative of the Estate by the Bankruptcy Court pursuant to section 1123(b)(3)(B) of the Bankruptcy Code for purposes of the Estate Assets, specifically including the Liquidating Trust Retained Claims and/or Defenses. On the Effective Date and subject to the oversight of the Liquidating Trust Committee, the Liquidating Trustee shall be the sole authorized representative and signatory of the Liquidating Trust, with authority to render any and all services necessary to effectuate the terms of the Plan. The powers, authority, responsibilities and duties of the Liquidating Trustee shall be governed by the Plan, the Confirmation Order and the Liquidating Trust Agreement. The Liquidating Trustee may execute, deliver, file or record such documents,

instruments, releases and other agreements, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**5.3.2    Responsibilities and Authority of Liquidating Trustee.**  The responsibilities and authority of the Liquidating Trustee shall include, subject to the oversight of the Liquidating Trust Committee, (a) calculating and implementing all distributions from the Liquidating Trust in accordance with the Plan; (b) investigating or pursuing any lawsuit or other legal or equitable action that constitutes a Liquidating Trust Retained Claim and/or Defense, in any court of competent jurisdiction; (c) filing all required tax returns and paying taxes and all other obligations on behalf of the Liquidating Trust from funds held by the Liquidating Trust; (d) periodic reporting to the beneficiaries of the Liquidating Trust; (e) liquidating the assets of the Liquidating Trust and providing for the distribution of the net proceeds thereof in accordance with the provisions of the Plan; (f) retaining and paying at normal and customary rates, or on a contingency fee basis, professionals in connection with the Liquidating Trustee's duties; (g) paying the reasonable expenses of the members of the Liquidating Trust Committee, in accordance with the provisions of the Plan and the Liquidating Trust Agreement; (h) reconciling and, if appropriate, objecting to Claims that may be asserted against the Debtor; and (i) such other responsibilities as may be vested in the Liquidating Trustee pursuant to the Plan, the Liquidating Trust Agreement or the Confirmation Order or as may be necessary and proper to carry out the provisions of the Plan.

**5.3.3    Powers of the Liquidating Trustee.**  Subject to the oversight of the Liquidating Trust Committee, the powers of the Liquidating Trustee to administer the Liquidating Trust shall, without any need for approval of the Bankruptcy Court in each of the following instances, include *inter alia*, (a) the power to invest funds in, and withdraw, make distributions and pay taxes and other obligations owed by the Liquidating Trust from funds held by the Liquidating Trustee in accordance with the Plan, the Compromise Agreement, and the Liquidating Trust Agreement, (b) the power to engage and compensate without prior Bankruptcy Court order or approval employees and professionals to assist the Liquidating Trustee with respect to his or her responsibilities, (c) the power to prosecute, compromise and settle the Liquidating Trust Retained Claims and/or Defenses on behalf of or against the Liquidating Trust, and (d) such other powers as

Case: 09-11078    Doc# 309    Filed: 11/13/09    Entered: 11/13/09 17:54:00    Page 22 of 39

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

may be vested in or assumed by the Liquidating Trustee pursuant to the Plan, the Liquidating Trust Agreement, order of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan. Subject to the oversight of the Liquidating Trust Committee, the Liquidating Trustee, on behalf of the Liquidating Trust, shall have absolute discretion to pursue or not to pursue any and all Liquidating Trust Retained Claims and/or Defenses, as he or she determines is in the best interests of the beneficiaries and consistent with the purposes of the Liquidating Trust, and shall have no liability for the outcome of his/her decision, other than those decisions constituting gross negligence or willful misconduct. The Liquidating Trustee may incur any reasonable and necessary expenses in liquidating and converting the assets in the Liquidating Trust to Cash.

**5.3.4 Compensation of Liquidating Trustee and Professionals.** The Liquidating Trustee shall serve on (i) the terms, conditions and rights set forth in the Plan, the Confirmation Order and the Liquidating Trust Agreement, or (ii) such terms, conditions and rights as otherwise agreed to by the Liquidating Trustee and the Liquidating Trust Committee. The compensation for the Liquidating Trustee shall be set forth in the Liquidating Trust Agreement or otherwise disclosed in a filing with the Bankruptcy Court. The Liquidating Trustee shall not be required to file a fee application to receive compensation. The Liquidating Trustee shall have the right to retain the services of attorneys, accountants, and other professionals and agents in the discretion of the Liquidating Trustee to assist and advise the Liquidating Trustee in the performance of his/her duties and compensate such professionals from the assets of the Liquidating Trust, subject to the oversight of the Liquidating Trust Committee and the terms of the Compromise Agreement. Any professionals retained by the Liquidating Trustee shall not be required to file a fee application to receive compensation.

**5.4 Liquidating Trust Committee.**

**5.4.1 Generally.** The Liquidating Trust Committee shall be created on the Effective Date consistent with the terms of the Liquidating Trust Agreement. The Liquidating Trust Committee shall consist of no more than five (5) Persons initially selected by the Creditors' Committee.

SF:68319.1/0011DOCS_SF:67230v3

**5.4.2    Duties of Liquidating Trust Committee.**  The Liquidating Trust Committee shall monitor the status and progress of the Liquidating Trust.  The Liquidating Trust Committee shall meet and/or consult periodically with the Liquidating Trustee and keep itself apprised of the affairs of the Liquidating Trust.  The Liquidating Trust Committee shall have the authority to remove the Liquidating Trustee and/or appoint a successor Liquidating Trustee in accordance with the terms of the Liquidating Trust Agreement.

**5.4.3    Reimbursement of Expenses of Liquidating Trust Committee.**  Members of the Liquidating Trust Committee shall be entitled to reimbursement of reasonable and necessary expenses incurred in carrying out their duties as members of the Liquidating Trust Committee, all of which shall be paid from the Liquidating Trust.  Members of the Liquidating Trust Committee shall not be entitled to compensation for time spent on the Liquidating Trust Committee.

**5.5    Vesting of Estate Assets.**  Upon the Effective Date, the Liquidating Trust shall be vested with all right, title and interest in the Estate Assets of the Debtor, including the Liquidating Trust Cash and Liquidating Trust Retained Claims and/or Defenses, and such property shall become the property of the Liquidating Trust free and clear of all Claims, Liens, charges, other encumbrances and Interests, except as set forth in the Plan.

**5.6    Liquidating Trust Retained Claims and/or Defenses.**  Unless any Liquidating Trust Retained Claim and/or Defense is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including, without limitation, the Confirmation Order), the Debtor and the Liquidating Trust expressly reserve such Liquidating Trust Retained Claim and/or Defense for later adjudication by the Liquidating Trust.  The reservation set forth in this Section 5.6 shall include, without limitation, a reservation by the Debtor and the Liquidating Trust of any Liquidating Trust Retained Claims and/or Defenses not specifically identified in the Plan or Disclosure Statement, or of which the Debtor or the Liquidating Trust may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor and/or the Liquidating Trust at this time or facts or circumstances that may change or be different from those the Debtor and/or the Liquidating Trust now believe to exist and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim

Case: 09-11078    Doc# 309    Filed: 11/13/09    Entered: 11/13/09 17:54:00    Page 24 of 39

SF:67230.9

preclusion, waiver, estoppel (judicial, equitable or otherwise), or laches will apply to such Liquidating Trust Retained Claims and/or Defenses upon or after the Confirmation of the Plan based on the Disclosure Statement, the Plan or the Confirmation Order, except where such claims and/or defenses have been expressly waived, relinquished, released, compromised, or settled in the Plan or by Final Order. Following the Effective Date, the Liquidating Trust may assert, compromise or dispose of the Liquidating Trust Retained Claims and/or Defenses without further notice to Creditors or authorization of the Bankruptcy Court.

**5.7    Wind-Up and Dissolution of the Debtor.**  On the Effective Date, the matters under the Plan involving or requiring corporate action of the Debtor, including but not limited to, actions requiring a vote or other approval of the officers, managers, or members of the Debtor or execution of all documentation incident to the Plan, shall be deemed to have been authorized by the Confirmation Order and to have occurred and be in effect from and after the Effective Date without any further action by the Bankruptcy Court or the officers, managers, or members of the Debtor.  On the Effective Date, all officers and managers of the Debtor shall be deemed removed from such positions and replaced with the Liquidating Trustee as sole officer and representative of the Debtor. Also upon the Effective Date, the Debtor's Charter shall be deemed amended to prohibit (1) the issuance of nonvoting equity securities, or (2) the existence of securities possessing an inappropriate distribution of voting power, all as more specifically required and described in section 1123(a)(6) of the Bankruptcy Code.  Upon entry of a final decree or sooner in the discretion of the Liquidating Trustee, the Debtor shall be deemed dissolved and wound up without any further action required by the Debtor or the Debtor's officers, managers, or members.

**5.8    Dissolution of the Creditors' Committee.**  On the Effective Date, the Creditors' Committee shall be dissolved and the members of the Creditors' Committee shall be released and discharged from any further authority, duties, responsibilities, liabilities and obligations related to, or arising from, the Chapter 11 Case, except that the Creditors' Committee shall continue in existence and have standing and capacity to prepare and prosecute applications for the payment of fees and reimbursement of expenses incurred by the Creditors' Committee or its Professionals.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**5.9 Final Decree.** At any time following the Effective Date, the Liquidating Trust shall be authorized to file a motion for the entry of a final decree closing the Chapter 11 Case pursuant to Section 350 of the Bankruptcy Code.

**ARTICLE 6**

**PROVISIONS GOVERNING DISTRIBUTIONS**

**6.1 Distributions Under the Plan.** The Liquidating Trust shall administer Claims and make distributions in respect of Allowed Claims against the Debtor. Distributions to be made by the Liquidating Trust may be made by any Person designated or retained by the Liquidating Trust to serve as disbursing agent without the need for any further order of the Bankruptcy Court.

**6.2 Estimation.** In order to establish appropriate reserves under the Plan and avoid undue delay in the administration of the Chapter 11 Case, the Liquidating Trust shall have the right to seek an order of the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code, estimating the amount of any Claim.

**6.3 Distributions on Account of Disputed Claims and Estimated Claims.** Except as otherwise provided in a Final Order or as agreed by the relevant parties, distributions on account of Disputed Claims and Estimated Claims that become Allowed after the Effective Date shall be made by the Liquidating Trust at such periodic intervals as the Liquidating Trust determines to be reasonably prudent.

**6.4 No Distributions Pending Allowance.** Notwithstanding anything herein to the contrary: (a) no distribution shall be made with respect to any Disputed Claim or Estimated Claim until such Claim becomes an Allowed Claim, and (b) unless determined otherwise by the Liquidating Trust in its sole and absolute discretion, no distribution shall be made to any Person that holds both an Allowed Claim and either a Disputed Claim or an Estimated Claims and Estimated Claims until such Person's Disputed Claims and Estimated Claims have been resolved by settlement or Final Order.

**6.5 Objection Deadline.** The Liquidating Trust shall file all objections to Disputed Claims, and shall file all motions to estimate Claims under section 502(c) of the Bankruptcy Code, on or before the Claims Objection Deadline.

SF:67230.9

FIRST AMENDED JOINT PLAN OF LIQUIDATION

**6.6 Disputed and Estimated Claims Reserve.** On and after the Effective Date, the Liquidating Trust shall maintain in reserve such Cash as the Liquidating Trust estimates to be reasonably necessary to satisfy the distributions that could be required to be made under the Plan. For the avoidance of doubt, distributions by the Liquidating Trust to any Person holding a Disputed Claim or Estimated Claim against the Debtor that becomes an Allowed Claim after the Effective Date shall be made together with any payments or other distributions that would have been made to such Person had its Disputed Claim or Estimated Claim become an Allowed Claim on or prior to the Effective Date.

**6.7 Settling Disputed Claims.** The Liquidating Trust shall be authorized to settle, or withdraw any objections to, any Disputed Claims following the Effective Date without need for approval of the Bankruptcy Court.

**6.8 Distributions in Cash.** The Liquidating Trust shall make any required Cash payments to the holders of Allowed Claims: (X) in U.S. dollars by check, draft or warrant, drawn on a domestic bank selected by the Liquidating Trust, or by wire transfer from a domestic bank, at the Liquidating Trust's option, and (Y) by first-class mail (or by other equivalent or superior means as determined by the Liquidating Trust).

**6.9 Unclaimed Distributions.** Any entity which fails to claim any Cash within one hundred twenty (120) days from the date upon which a distribution is first made to such entity shall forfeit all rights to any distribution under the Plan and the Liquidating Trust shall be authorized to cancel any distribution that is not timely claimed. Pursuant to Section 347(b) of the Bankruptcy Code, upon forfeiture, such Cash (including interest thereon, if any) shall revert to the Liquidating Trust free of any restrictions under the Plan, the Bankruptcy Code or the Bankruptcy Rules. Upon forfeiture, the claim of any Creditor with respect to such funds shall be discharged and forever barred notwithstanding any federal or state escheat laws to the contrary, and such Creditor shall have no claim whatsoever against the Debtor or the Liquidating Trust or any holder of an Allowed Claim to whom distributions are made by the Liquidating Trust.

**6.10 Setoff.** Nothing contained in this Plan shall constitute a waiver or release by the Debtor or the Liquidating Trust of any right of setoff or recoupment the Debtor or the Liquidating Trust may

have against any Creditor. To the extent permitted by applicable law, the Liquidating Trust may, but is not required to, set off or recoup against any Claim and the payments or other distributions to be made under the Plan in respect of such Claim, claims of any nature whatsoever that arose before the Petition Date that the Debtor or the Liquidating Trust may have against the holder of such Claim.

**6.11  Taxes.**  Pursuant to Section 346(f) of the Bankruptcy Code, the Liquidating Trust shall be entitled to deduct any federal, state or local withholding taxes from any Cash payments made with respect to Allowed Claims, as appropriate. The Liquidating Trust shall be authorized to take all actions necessary to comply with applicable withholding and recording requirements. Notwithstanding any other provision of the Plan, each holder of an Allowed Claim that has received a distribution of Cash under the Plan shall have sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any governmental unit, including income, withholding and other tax obligation, on account of such distribution. For tax purposes, distributions received in respect of Allowed Claims will be allocated first to the principal amount of such Claims, with any excess allocated to unpaid accrued interest.

**6.12  De Minimis Distributions.**  If any interim distribution under the Plan to the holder of an Allowed Claim would be less than $100.00, the Liquidating Trust may withhold such distribution until a final distribution is made to such holder. If any final distribution under the Plan to the holder of an Allowed Claim would be less than $25.00, the Liquidating Trust may cancel such distribution. Any unclaimed distributions pursuant to this Section 6.12 shall be treated as unclaimed property under Section 6.9 of the Plan.

## ARTICLE 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.1  Rejection of Executory Contracts and Unexpired Leases.**  Except for any executory contracts or unexpired leases of the Debtor:  (i) that previously were assumed or rejected by an order of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code; (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed and served prior to Confirmation; or (iii) that constitute contracts of insurance in favor of, or that benefit, the Debtor or the Estate, each executory contract and unexpired lease entered into by the Debtor prior to the

Petition Date that has not previously expired or terminated pursuant to it own terms shall be deemed rejected pursuant to section 365 of the Bankruptcy Code as of the Effective Date. The Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejection, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date. For the avoidance of doubt, any insurance policy acquired for the benefit of the Debtor (or any officers and directors of the Debtor) before or after the Petition Date shall remain in full force and effect after the Effective Date according to its terms.

**7.2    Bar Date for Rejection Damages.**  If the rejection of an executory contract or unexpired lease pursuant to the Plan or otherwise gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtor, the Estate, or the Liquidating Trust, unless a proof of Claim is filed with the Bankruptcy Court and served on the Liquidating Trust by the Rejection Claim Bar Date.

**ARTICLE 8**

**CONDITIONS PRECEDENT**

**8.1    Conditions to Confirmation.**  The following are conditions precedent to confirmation of this Plan:

(a)    The Bankruptcy Court shall have entered a Final Order approving a Disclosure Statement with respect to this Plan in form and substance satisfactory to the Proponents; and

(b)    The Confirmation Order shall be in a form and substance reasonably acceptable to the Proponents.

**8.2    Conditions to Effectiveness.**  The following are conditions precedent to the occurrence of the Effective Date:

(a)    The Confirmation Date shall have occurred;

(b)    The Confirmation Order shall be a Final Order;

(c)    No request for revocation of the Confirmation Order under Section 1144 of the Bankruptcy Code has been made, or, if made, remains pending; and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

(d)     The Proponents shall have determined that all Disputed Claims and Estimated Claims have been sufficiently resolved or estimated so as to reserve for such Claims in accordance with Section 6.6 of the Plan.

**8.3    Waiver of Conditions.**  Conditions to Confirmation and the Effective Date may be waived, in whole or in part, by the Proponents at any time without notice, an order of the Bankruptcy Court, or any further action other than proceeding to Confirmation and consummation of the Plan.

**ARTICLE 9**

**EFFECTS OF CONFIRMATION**

**9.1    Binding Effect.**  The rights afforded under the Plan and the treatment of all Claims and Interests under the Plan shall be the sole and exclusive remedy on account of such Claims against, and Interests in the Debtor, the Liquidating Trust, and the Estate Assets, including any interest accrued on such Claims from and after the Petition Date or interest which would have accrued but for the commencement of the Chapter 11 Case.  The distributions made pursuant to the Plan shall be in full and final satisfaction, settlement, release and discharge of the Allowed Claims on account of which such distributions are made.  Confirmation of the Plan shall bind and govern the acts of the Debtor, the Liquidating Trust, and all holders of all Claims against, and Interests in the Debtor, whether or not: (i) a proof of Claim or proof of Interest is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code; (ii) a Claim or Interest is allowed pursuant to Section 502 of the Bankruptcy Code, or (iii) the holder of a Claim or Interest has accepted the Plan.

**9.2    Property Revests Free and Clear.**  As also set forth in Section 5.5 of the Plan, upon the Effective Date, title to all remaining Estate Assets of the Debtor shall vest in the Liquidating Trust for the purposes contemplated under the Plan and shall no longer constitute property of the Debtor or its Estate.  Except as otherwise provided in the Plan or the Compromise Agreement, upon the Effective Date, all Estate Assets shall be free and clear of all Claims and Interests, including Liens, charges or other encumbrances of Creditors of the Debtor.

**9.3    Permanent Injunction.**  *Except as provided in the Plan or in the Confirmation Order, as of the Confirmation Date, all Persons that have held, currently hold or may hold a Claim, Interest or other debt or liability that is stayed, impaired or terminated pursuant to the terms of the Plan are*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*permanently enjoined from taking any of the following actions either (x) against the Debtor, the*
*Liquidating Trust or their property on account of all or such portion of any such Claims, Interests,*
*debts or liabilities that are stayed, impaired or terminated, or (y) against any Person with respect to*
*any Liquidating Trust Retained Claim and/or Defense, which is waived, released or exclusively*
*retained under the Plan:  (a) commencing or continuing, in any manner or in any place, any action*
*or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment,*
*award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting*
*a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due;*
*and (e) commencing or continuing, in any manner or in any place, any action that does not comply*
*with or is inconsistent with the provisions of the Plan.  To avoid any doubt, nothing in the Plan shall*
*be construed or is intended to affect, enjoin, modify, release or waive any claims, rights, and actions*
*that a third party, creditor or noteholder may have against a person other than the Debtor or the*
*Liquidating Trust.  Unless otherwise provided in the Plan or the Confirmation Order, all injunctions*
*and stays provided for in the Chapter 11 Case pursuant to sections 105 and 362 of the Bankruptcy*
*Code or otherwise in effect on the Confirmation Date, shall remain in full force and effect until the*
*Effective Date.  From and after the Effective Date, except as provided in the Plan or in the*
*Confirmation Order, all Persons are permanently enjoined from, and restrained against,*
*commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting*
*any claim or interest, (a) seeking to hold (i) the Debtor or the Liquidating Trust, or (ii) the property*
*of the Debtor or the Liquidating, liable for any Claim, obligation, right, interest, debt or liability*
*that has been addressed or released pursuant the Plan.*

      **9.4   Exoneration and Reliance.**  The Debtor, the Liquidating Trust, the Liquidating
Trustee, the Liquidating Trust Committee, the Creditors' Committee, and each of their respective
Agents, shall not be liable, other than for gross negligence or willful misconduct, to any holder of a
Claim or Interest or any other entity with respect to any action, omission, forbearance from action,
decision, or exercise of discretion taken at any time after the Petition Date in connection with the
Chapter 11 Case or the negotiation, formulation, development, proposal, disclosure, Confirmation or
implementation of the Plan.  The Debtor, the Liquidating Trust, the Liquidating Trustee, the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

FIRST AMENDED JOINT PLAN OF LIQUIDATION

Liquidating Trust Committee, the Creditors' Committee, and each of their respective Agents may reasonably rely upon the opinions of their respective counsel, accountants, and other experts and professionals and such reliance, if reasonable, shall conclusively establish good faith and the absence of gross negligence or willful misconduct; provided however, that a determination that such reliance is unreasonable shall not, by itself, constitute a determination or finding of bad faith, gross negligence or willful misconduct. For the avoidance of doubt, nothing in this Section 9.4 shall be construed as an exoneration or release of any claims that relate to conduct or actions taken prior to the Petition Date.

## ARTICLE 10

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Case after the Effective Date to the extent legally permissible, including, without limitation, jurisdiction to:

      (a)      Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the allowance or priority of Claims;

      (b)      Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized under the Bankruptcy Code or the Plan;

      (c)      Resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtor is a party and to hear, determine and, if necessary, liquidate, any Claims arising from, or cure amounts related to, such assumption or rejection;

      (d)      Ensure that distributions to holders of Allowed Claims are accomplished in accordance with the Plan;

      (e)      Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications or motions involving the Debtor that may be pending on the Effective Date;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

(f)     Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

(g)     Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or any Person's obligations incurred in connection with the Plan;

(h)     Modify the Plan before or after the Effective Date under Section 1127 of the Bankruptcy Code or modify the Disclosure Statement or any contract, instrument, release, or other agreement or document created in connection with the Plan or the Disclosure Statement; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with the Plan and the Disclosure Statement, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

(i)     Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

(j)     Determine any other matters that may arise in connection with or related to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order, except as otherwise provided in the Plan;

(k)     Hear and determine Liquidating Trust Retained Claims and/or Defenses commenced by the Debtor or the Liquidating Trust to the extent the Bankruptcy Court otherwise has jurisdiction over such claims;

(l)     Enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan, except as otherwise provided in the Plan; and

(m)     Enter an order closing the Chapter 11 Case at the appropriate time.

## ARTICLE 11

## AMENDMENT AND WITHDRAWAL OF PLAN

**11.1  Amendment of the Plan.**  At any time before the Confirmation Date, the Proponents may alter, amend, or modify the Plan, subject only to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.  After the Confirmation Date, the Proponents may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, or as otherwise may be necessary to carry out the purposes and effects of the Plan so long as such proceedings do not materially and adversely affect the treatment of holders of Claims under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or applicable order of the Bankruptcy Court.

**11.2  Revocation or Withdrawal of the Plan.**  The Proponents reserve the right to revoke or withdraw this Plan.  If the Plan is withdrawn or revoked, then the Plan shall be deemed null and void, and nothing contained in the Plan shall be deemed a waiver of any Claims by or against the Debtor or any other Person in any further proceedings involving the Debtor or an admission of any sort, and this Plan and any transaction contemplated by this Plan shall not be admitted into evidence in any proceeding.

## ARTICLE 12

## MISCELLANEOUS

**12.1  Effectuating Documents; Further Transactions; Timing.**  The Debtor and the Liquidating Trust shall be authorized and directed to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents, and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.  All

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 09-11078    Doc# 309    Filed: 11/13/09    Entered: 11/13/09 17:54:00    Page 34 of 39
SF:67230v3DOCS_SF:67230v3

transactions required to occur on the Effective Date under the terms of the Plan shall be deemed to have occurred simultaneously.

**12.2 Exemption From Transfer Taxes.** In accordance with Section 1146(c) of the Bankruptcy Code, the making, delivery, or recording of a deed or other instrument of transfer under this Plan shall not be subject to any stamp tax or similar tax and the appropriate state or local government officials or agents shall be directed to forego the collection of any such tax and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax.

**12.3 Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is controlling, the rights, duties and obligations of the Debtor, the Liquidating Trust and any other Person arising only under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of California, without giving effect to California's choice of law provisions.

**12.4 Quarterly Fees to the United States Trustee.** All fees payable under 28 U.S.C. § 1930(a)(6) shall be paid by the Debtor in the amounts and at the times such fees may become due up to and including the Effective Date. Thereafter, the Liquidating Trust shall pay all fees payable on behalf of the Debtor under 28 U.S.C. § 1930(a)(6) until the Chapter 11 Case is closed, dismissed or converted. Upon the Effective Date, the Liquidating Trust shall be relieved from the duty to make the reports and summaries required under Bankruptcy Rule 2015(a).

**12.5 Timing of Payment.** Whenever any payment or distribution to be made under the Plan is due on a day other than a Business Day, such payment or distribution may instead be made, without interest, on the immediately following Business Day.

**12.6 Notice of Confirmation.** As soon as practicable following the Effective Date, the Liquidating Trust shall file and serve a joint notice of the entry of the Confirmation Order in the manner required under Bankruptcy Rule 2002(f). The notice shall further identify the Effective Date and shall set forth the Administrative Claim Bar Date, the Professional Fees Bar Date, the Rejection Claim Bar Date and any other deadlines that may be established under the Plan or the Confirmation Order.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**12.7  Successors and Assigns.**  The Plan is binding upon and will inure to the benefit of the Debtor, the Liquidating Trust, and each of their respective Agents, successors, and assigns, including, without limitation, any bankruptcy trustees or estate representatives.

**12.8  Notices.**  Except as otherwise provided in the Plan, any notice or other communication required or permitted under the Plan will be in writing and deemed to have been validly served, given, delivered, and received upon the earlier of: (a) the first business day after transmission by facsimile or hand delivery or deposit with an overnight express service or overnight mail delivery service; or (b) the third calendar day after deposit in the United States mail, with proper first class postage prepaid.

**12.8.1  Notice to Claim and Interest Holders.**  Notices to Persons holding a Claim or Interest will be sent to the addresses set forth in such Person's proof of Claim or Interest or, if none was filed, at the address set forth in the Schedules.

**12.8.2  Post-Effective Date Notices.**  Except as expressly set forth herein, following the Effective Date, notices will be served only on the Office of the United States Trustee and those Persons who file with the Court and serve upon the Liquidating Trust a request, which includes such Person's name, contact person, address, telephone number and facsimile number, that such Person receive notice of post-Effective Date matters.  Persons who had previously filed with the Court requests for special notice of the proceedings and other filings in the Chapter 11 Case will not receive notice of post-Effective Date matters unless such Persons file a new request in accordance with this Section 12.8.2.

**12.9  Incorporation by Reference.**  All exhibits, schedules and supplements to the Plan are incorporated and are made a part of the Plan as if set forth in full in the Plan.

**12.10  Computation of Time.**  In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.  Any reference to "day" or "days" shall mean calendar days, unless otherwise specified herein.

**12.11  Conflict of Terms.**  In the event of a conflict between the terms of the Plan and the Disclosure Statement, the terms of the Plan will control.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1   **12.12  Severability of Plan Provisions.**  If, prior to Confirmation, any non-material term or

2   provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the

3   Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid

4   or enforceable to the maximum extent practicable, consistent with the original purpose of the term or

5   provision held to be invalid, void or unenforceable, and such term or provision will then be

6   applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation,

7   the remainder of the terms and provisions of the Plan will remain in full force and effect and will in

8   no way be affected, impaired or invalidated by such holding, alteration or interpretation.

9                              [signature page follows]

Dated:   November 13, 2009          HUMBOLDT CREAMERY, LLC


                                    By:   _/s/ Len Mayer_____
                                          Len Mayer
                                          Chief Executive Officer

Respectfully submitted by,

SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP


By:   _/s/ Michael H. Ahrens_____
      Michael H. Ahrens
      Attorneys for Debtor and Debtor in Possession




Dated:   November 13, 2009          OFFICIAL COMMITTEE OF UNSECURED
                                    CREDITORS


                                    By:   _/s/ Ray Gutierrez_____
                                          Ray Gutierrez
                                          Chairman

Respectfully submitted by,

PACHULSKI STANG ZIEHL
    & JONES LLP


By:   _/s/ Maxim B. Litvak_____
      John D. Fiero
      Maxim B. Litvak
      Attorneys for Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 09-11078   Doc# 309   Filed: 11/13/09   Entered: 11/13/09 17:54:00   Page 38 of
58312-001\DOCS_SF:67250.9                                                          39

# *LIST OF EXHIBITS TO PLAN*

**Exhibit A:**     Liquidating Trust Agreement

**Exhibit B:**     Non-Exclusive List of Liquidating Trust Retained Claims and/or Defenses