SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415-434-9100
Facsimile:   415-434-3947

Attorneys for HUMBOLDT CREAMERY, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>HUMBOLDT CREAMERY, LLC, a Delaware limited liability company,<br><br>               Debtor.<br><br>Tax ID: 87-0736033 | Case No. 09-11078<br><br>Chapter 11<br><br>**OBJECTION TO CLAIM OF CCOF-CERTIFICATION SERVICES, LLC (CLAIM NO. 196)**<br><br>*[No Hearing Required Unless Requested]* |

1    Humboldt Creamery, LLC (the "Debtor") hereby files this *Objection to*
2    *Claim of CCOF-Certification Services, LLC (Claim No. 196)* (the "Objection").  CCOF-
3    Certification Services, LLC (the "Claimant") filed Claim No. 196 (the "Claim") on
4    June 30, 2009, seeking a priority claim in the amount of $17,311.84 for certain inspection
5    fees incurred prepetition.  The Debtor has determined that the Claim is a general unsecured
6    claim instead of a priority unsecured claim, as it represents fees rather than taxes.

7    By this Objection, Debtor requests disallowance of the priority status of the
8    Claim.

9    This Objection is based on the ground that the Claimant's claim for payment
10   of inspection fees constitutes a claim for recovery of prepetition fees rather than taxes, and
11   so does not have the priority of taxes afforded by Bankruptcy Code section 507(a)(8).

12   The Objection is based upon the Notice and Opportunity for Hearing on the
13   Debtor's Objection to Claim of CCOF-Certification Services, LLC (Claim No. 196), filed
14   concurrently herewith, as well as the Claim (a copy of which is attached as <u>Exhibit A</u> to
15   this Objection), the pleadings and records on file in this case, and such further evidence as
16   the Court may consider prior to a final ruling on this Objection.

17   The Objection is without prejudice to Debtor's right to further object to the
18   Claim, including an objection based on grounds in addition to those set forth herein.

## OBJECTION TO CLAIM

20   In support of the Objection, Debtor respectfully represents:

21   1.    The Claim asserts a priority claim in favor of the Claimant in the
22   amount of $17,311.84 for certain inspection fees incurred prepetition.

23   2.    After examining the Claim, Debtor has determined that it is a general
24   unsecured claim instead of a priority unsecured claim, as it represents fees rather than
25   taxes.  Case law has made it clear that fees such as the ones it issue here are not entitled to
26   the priority of taxes under Bankruptcy Code section 507(a)(8).  In *In re Lorber Industries*
27   *of California, Inc.*, 675 F.2d 1062 (9th Cir. 1982), the Ninth Circuit set forth the general

test for determining whether an obligation is a nonpriority fee or a priority tax, holding that an obligation is a tax if it is all of the following:

> "(a) An involuntary pecuniary burden, regardless of name, laid upon individuals or property;
> (b) Imposed by, or under authority of the legislature;
> (c) For public purposes, including the purposes of defraying expenses of government or undertakings authorized by it;
> (d) Under the police or taxing power of the state."

*Lorber*, 675 F.2d 1062.

3. The *Lorber* court subsequently found wastewater assessments levied by the Los Angeles County Sanitation District under the authority of certain provisions of the California Health and Safety Code to be nonpriority fees because they failed the involuntary pecuniary burden prong of the above test. *Lorber*, 675 F.2d at 1064-67. The *Lorber* court explained that "[t]he source of the obligation is not the authorizing legislation, but Lorber's decisions to acquire a permit and to engage in a high level of system use." *Id*. at 1067.

4. Other courts have found "permit fees", or fees required of a business to participate in a certain industry, to fail the third "public purpose" prong of the *Lorber* test as well. *See e.g.*, *In re S.N.A. Nut Company*, 188 Bankr. 392, 395 (Bankr. N.D. Ill. 1995) (holding that assessments levied by the California Walnut Commission were non-tax "permit fees" because the assessments were required "for walnut handlers to enjoy the private privilege of engaging in the walnut industry.").

5. Courts have also held that administrative fees that merely recoup the costs of regulating private individuals are not taxes entitled to priority. *In re Shooters Emporium, Inc.*, 135 Bankr. 701 (Bankr. S.D. Fla. 1992) ("The payment of monies designed to recoup the costs of regulation from the people regulated, rather than to raise general revenues, is considered to be a 'fee.'"); *see also, Union Pacific v. Public Utility Commission*, 899 F.2d 854, 859 (9th Cir. 1990).

1  6. Finally, inspection fees in particular have been held not to be taxes for the purposes of 507(a)(8). *See e.g., In re South Atlantic Packers Assoc., Inc.*, 28 Bankr. 80 (Bankr. D.S.C. 1983) (poultry inspection fees found not to be taxes); *In re Shooters Emporium, Inc.*, 135 Bankr. 701 (Bankr. S.D. Fla. 1992) (fees to recoup for the costs of background checks which were required to be collected from gun buyers by gun dealers and turned over to the State were found to be non-tax fees because "[t]he purpose of this payment is for private benefit. Only people who pay the fee may purchase a firearm. Furthermore, this payment is clearly designed to recoup the costs of regulation from the people regulated, rather than to raise general revenues.").

7. The fees at issue here share features of the fees in all of the above cases, and so should not have the priority of taxes. The fees at issue are similar to those in *Lorber*, in that they are based on the voluntary decision of the Debtor to engage in the sale of organic dairy products. They are also "permit fees" like those discussed in *S.N.A. Nut*, since they are needed to maintain the Debtor's organic certification. Further, they are like the administrative fees discussed in *Shooters Emporium* and *Union Pacific* because they recoup the costs of regulating private parties. Finally, the fees are essentially indistinguishable from the inspection fees in *South Atlantic Packers*.

8. In addition, Humboldt submits that the Claimant here is not a governmental unit entitled to assert the taxing priority.

9. For the above reasons, the inspection fees at issue should be determined to be nonpriority fees as opposed to taxes which could enjoy priority status under Bankruptcy Code section 507(a)(8).

10. Based on the foregoing, the Debtor hereby objects to the priority status of the Claim in its entirety and seeks an order disallowing the priority status of said claim.

WHEREFORE, Debtor prays that this Court enter an Order as follows:

1. Sustaining this Objection;
2. Disallowing the priority status of the Claim in its entirety; and
3. Granting such other and further relief as this Court deems just and appropriate.

DATED: November 24, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Ori Katz
ORI KATZ

Attorneys for Debtor
HUMBOLDT CREAMERY, LLC