SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947

Attorneys for HUMBOLDT CREAMERY, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>HUMBOLDT CREAMERY, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>Tax ID: 87-0736033 | Case No. 09-11078<br><br>Chapter 11<br><br>**DEBTOR'S FIRST OMNIBUS OBJECTION TO CLAIMS, REGARDING CLAIMS FILED BY WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND (CLAIM NOS. 102, 205, 206, 220, 230 AND 419), BASED ON: (i) THE LATE FILING OF A CLAIM; (ii) IMPROPER AMENDMENT OF A CLAIM; (iii) APPLICABLE LAW REGARDING PRIORITY STATUS UNDER 11 U.S.C. § 507(a)(5); AND (iv) THE FACT THAT CERTAIN CLAIMS ARE DUPLICATES;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[No Hearing Required Unless Requested]* |

# OMNIBUS OBJECTION TO CLAIMS

Humboldt Creamery, LLC (the "Debtor") hereby files this *Debtor's First Omnibus Objection To Claims, Regarding Claims Filed By Western Conference Of Teamsters Pension Trust Fund (Claim Nos. 102, 205, 206, 220, 230 And 419), Based On: (i) The Late Filing Of A Claim; (ii) Improper Amendment of a Claim; (iii) Applicable Law Regarding Priority Status Under 11 U.S.C. § 507(a)(5); And (iv) The Fact That Certain Claims Are Duplicates; Memorandum Of Points And Authorities In Support Thereof* (the "Omnibus Objection"). Each of the claims at issue were filed by Western Conference of Teamsters Pension Trust Fund ("Teamsters"), and are as follows:

(i) Claim No. 102 filed on May 14, 2009, seeking payment of $183,002.27 in pension plan contributions. Teamsters asserts that the entire amount of Claim No. 102 is entitled to priority under Bankruptcy Code section 507(a)(5).

(ii) Claim Nos. 205 and 206, filed on June 29, 2009 and June 30, 2009, respectively. Each proof of claim states that the basis is "Withdrawal liability under ERISA 29 USC § 1381 et seq." Each proof of claim also fails to state an amount of the claim, instead asserting that it is a "Contingent Liability." No priority is asserted in Claim Nos. 205 and 206.

(iii) Claim Nos. 220 and 230, each filed on July 20, 2009, and each seeking payment of $81,016.53 for pension plan contributions. Each claims asserts that the full $81,016.53 is entitled to priority under Bankruptcy Code section 507(a)(5).[1]

(iv) Claim No. 419 filed on November 16, 2009, seeking payment of $1,706,430.41 in withdrawal liability. The proof of claim checks the box for priority, but does not state the amount of priority sought.

---

[1] The forms actually refer to section 507(a)(4), but they are old forms that do not reflect the recent renumbering in section 507(a).

By this Omnibus Objection, Debtor requests:

(i) Disallowance of the priority status of Claim No. 102 to the extent it exceeds $152,501.90.

(ii) If Claim No. 419 is deemed to amend Claim No. 205, then disallowance of Claim No. 205 in its entirety.

(iii) Disallowance of Claim No. 206 in its entirety.

(iv) Disallowance of the priority status of Claim No. 220 to the extent it exceeds $63,048.37.

(v) Disallowance of Claim No. 230 in its entirety.

(vi) Disallowance of Claim No. 419 in its entirety, or in the alternative, disallowance of the priority status asserted by Claim No. 419 in its entirety.

This Omnibus Objection is based on the grounds that:

(i) As to Claim No. 102, a portion of the claim equal to $30,500.37 is based on liquidated damages, which is not entitled to priority status under Bankruptcy Code section 507(a)(5).

(ii) Claim No. 205 asserts no priority status for the withdrawal liability claim made therein, and so is not presently at issue, though the Debtor reserves the right to further object to this claim and the other claims discussed herein on any ground at a later date. If this Court deems Claim No. 419 to have properly amended Claim No. 205, then Claim No. 205 should be disregarded as having been superseded by Claim No. 419, or disallowed as a duplicate of Claim No. 419.

(iii) As to Claim No. 206, this proof of claim is a duplicate of Claim No. 205.

(iv) As to Claim No. 220, a portion of this claim equal to $17,968.16 is based on liquidated damages, interest and attorney's fees, which are not entitled to priority status under Bankruptcy Code section 507(a)(5).

(v) As to Claim No. 230, this proof of claim is a duplicate of Claim No. 220.

(vi) As to Claim No. 419, this was filed past the claims bar date, and to the extent that it seeks to amend Claim No. 205, such amendment is improper because Claim No. 205 was a general unsecured claim and Claim No. 419 asserts a large priority claim. In the alternative, if this Court deems Claim No. 419 to have properly amended Claim No. 205, then the priority status asserted in Claim No. 419 should be disallowed because withdrawal liability under a pension plan is not entitled to priority or administrative status under Bankruptcy Code sections 503(b), 507(a)(2) and/or 507(a)(5).

This Omnibus Objection is based upon the Notice and Opportunity for Hearing on this Objection filed concurrently herewith, as well as the proofs of claim evidencing Claim Nos. 102, 205, 206, 220, 230 and 419 (copies of which are attached as <u>Exhibits A through F</u> hereto), the pleadings and records on file in this case, and such further evidence as the Court may consider prior to a final ruling on this Omnibus Objection.

This Omnibus Objection is without prejudice to Debtor's right to further object to Claim Nos. 102, 205, 206, 220, 230, or 419 including an objection based on grounds in addition to those set forth herein.

Dated: November 25, 2009

                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                        By      */s/ Ori Katz*
                                ORI KATZ

                              Attorneys for Debtor
                        HUMBOLDT CREAMERY, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Claim No. 419 should disallowed in its entirety as it was filed after the claims bar date, which passed on August 31, 2009. Further, even if seen as an attempt to amend Claim No. 205, such amendment should not be allowed, because Claim No. 205 asserted a general unsecured claim whereas Claim No. 419 asserts a priority claim possibly in the amount of $1,706,430.41. In the alternative, if this Court deems Claim No. 419 to properly amend Claim No. 205, the priority status asserted in Claim No. 419 should be disallowed in its entirety because case law makes clear that claims for withdrawal liability are not entitled to priority under Bankruptcy Code section 507(a)(5).

The priority status in Claim Nos. 102 and 220 should be reduced to the amount of missed pension contributions asserted in those claims ($152,501.90 in Claim No. 102 and $63,048.37 in Claim No. 220). These proofs of claims reflect that any amounts over and above that represent liquidated damages, interest, costs and attorneys' fees, none of which are entitled to priority under Bankruptcy Code section 507(a)(5).

Claim No. 205 asserts no priority, and so is not presently at issue. However, if Claim No. 419 is deemed to have properly amended Claim No. 205, then Claim No. 205 should be disregarded as having been superseded by Claim No. 419, or disallowed as a duplicate of Claim No. 419.

Claim Nos. 206 and 230 should be disallowed in their entirety because they are duplicate proofs of claim.

## II. FACTUAL STATEMENT

Teamsters filed Claim No. 102 on May 14, 2009, seeking payment of $183,002.27 in pension plan contributions. In the proof of claim, Teamsters asserted that the entire amount of Claim No. 102 is entitled to priority under Bankruptcy Code section 507(a)(5).[2]

---

[2] *See* Ex. A hereto.

Teamsters filed Claim Nos. 205 and 206 on June 29, 2009 and June 30, 2009, respectively.[3] Each proof of claim states that the basis is "Withdrawal liability under ERISA 29 USC § 1381 et seq." Each proof of claim also fails to state an amount of the claim, instead asserting that it is "Contingent Liability." Finally, neither Claim No. 205 nor Claim No. 206 assert any priority status.

Teamsters filed Claim Nos. 220 and 230 on July 20, 2009.[4] Each claim seeks payment of $81,016.53 for pension plan contributions. Each claims asserts that the full $81,016.53 is entitled to priority under Bankruptcy Code section 507(a)(5).[5]

Teamsters filed Claim No. 419 on November 16, 2009, seeking payment of $1,706,430.41 in withdrawal liability.[6] The proof of claim checks the box for priority, but does not state the amount of priority sought. The proof of claim also checks the box indicating it amends an earlier proof of claim, but does not state which one.

### III. ARGUMENT

A. <u>Claim No. 419 Was Not Timely Filed</u>.

First, Claim No. 419 should be disallowed because it was filed after the claims bar date passed on August 31, 2009. No leave of this Court has been sought to authorize the filing of this claim on November 16, 2009, over two months after the bar date. Even though the box for amendment is checked on Claim No. 419, it does not specify which claim it purports to amend, and so cannot properly be seen as an amendment.

---

[3] *See* Exs. B and C hereto.

[4] *See* Exs. D and E hereto.

[5] The forms actually refer to section 507(a)(4), but they are old forms that do not reflect the recent renumbering in section 507(a).

[6] *See* Ex. F hereto.

B.     Claim No. 419 Is Not a Proper Amendment of Claim No. 205.

Even if Claim No. 419 is construed as an attempt to amend Claim No. 205, this attempt should not be allowed. First, the attempt comes well after the bar date, so it is in this Court's discretion as to whether to allow the amendment. *In re Solari*, 63 B.R. 115, 117 (B.A.P. 9th Cir. 1986); *In re Osborne*, 159 B.R. 570, 576 (Bankr. C.D. Cal. 1993) (noting that a two step analysis is required, in which "A court must determine, first, whether the new claim filed after the bar date bears a reasonable relationship to the original filing and, second, whether the balancing of equities supports the allowance of the new claim.").

Second, since Claim No. 205 was a general unsecured claim and Claim No. 419 asserts a priority claim potentially in the amount of $1,706,430.41,[7] case law indicates that it is not properly seen as an amendment, but rather as the filing of a new proof of claim. *See e.g., In re National Merchandise Co., Inc.*, 206 B.R. 993, 999 (Bankr. M.D. Fla. 1997) ("changing an unsecured claim to a secured claim equates [sic] filing a new claim"); *Solari*, 63 B.R. at 117 (finding a purported amendment to be a separate proof of claim); *In re International Horizons, Inc.*, 751 F.2d 1213, 1214 (11th Cir. 1985); 9-3001 Collier on Bankruptcy (15th ed. rev. 2009) P 3001.04 ("Following the bar date, amendment is permitted to cure an obvious defect, describe the claim with greater specificity or plead a new theory of recovery on facts set out in the original proof. Post-bar date amendments, however, will be scrutinized to ensure that the amendment is not making a new claim against the estate.").

Consequently, any attempt to disguise the filing of Claim No. 419 as an amendment to Claim No. 205 should be denied, and Claim No. 419 should be disallowed.

---

[7] Claim No. 419 checks the box for priority but does not state the amount asserted as priority. The full amount of the claim is $1,706,430.41.

## C. Claims Based on Withdrawal Liability under ERISA Plans Are Not Entitled to Priority, So the Priority Asserted in Claim No. 419 Should Be Disallowed Even If It is Deemed to Have Been Properly Filed.

Even if Claim No. 419 is deemed to be a proper amendment of Claim No. 205, the priority status asserted therein should be disallowed in its entirety.

Case law has made it clear that an employer's "withdrawal liability", or statutory liability under section 4201 of ERISA[8] incurred on withdrawal from a multi-employer pension plan, are not entitled to priority status under Section 507(a)(5) or to administrative status under Sections 503(b) and 507(a)(2). *See e.g., In re Buf-Air Freight*, 174 B.R. 184, 186 (Bankr. W.D.N.Y. 1994) (no priority under 507(a)(5)); *Trustees of Amalgamates Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 103 (2d Cir. 1986) (no administrative priority); *see also* 4 Collier on Bankruptcy (15th ed. rev.) P 507.06[4][c]. This accords with the principle in bankruptcy that statutory priorities are to be narrowly construed so as to further bankruptcy's underlying goal of equal distribution amongst creditors. *See, e.g., In re Peaches Records & Tapes, Inc.*, 102 B.R. 193, 195 (B.A.P. 9th Cir. Cal. 1989). In keeping with this principle, the burden is on the party claiming priority to establish all the elements of such priority. *In re Terra Distrib., Inc.*, 148 B.R. 598, 600 (Bankr. D. Idaho 1992).

Withdrawal liability is based on a calculation of past hours worked and applies to future benefits. It is intended to ensure that the multi-employer pension fund can meet its future vested obligations by requiring the employer to pay a lump sum representing its proportionate share of future vested but unfunded obligations. *Trustees of Amalgamates Ins. Fund*, 789 F.2d at 103. In holding that withdrawal liability is not entitled to priority, Courts have reasoned that withdrawal liability represents consideration furnished for prepetition employment rather than for the continuation of business after the debtor filed or bankruptcy, and so could not be an administrative expense under 503(b)(b)

---

[8] 29 U.S.C. § 1301 et seq.

that is entitled to priority under 507(a)(2). *Id.* at 104. Courts across the country uniformly reject the argument that withdrawal liability is entitled to administrative priority. *See e.g. UMW 1974 Plan & Trust v. Lexington Coal Co., LLC (In re HNRC Dissolution Co.)*, 396 B.R. 461, 481 (B.A.P. 6th Cir. 2008); *Pension Benefit Guar. Corp. v. Skeen (In re Bayly Corp.)*, 163 F.3d 1205, 1212 (10th Cir. Colo. 1998); *Amalgamated Insurance Fund v. William B. Kessler, Inc.*, 55 Bankr. 735 (S.D.N.Y. 1985); *In re United Department Stores, Inc.*, 49 Bankr. 462 (S.D.N.Y. 1985); *In re Cott Corp.*, 47 Bankr. 487 (D.Conn. 1984); *In re Pulaski Highway Exp., Inc.*, 41 Bankr. 305, 310-11 (Bankr., N.D. Tenn. 1984); *In re Concrete Pipe Machinery Co.*, 28 B.R. 837 (Bankr., N.D. Iowa 1983); *In re Granada Wines, Inc.*, 26 Bankr. 131, 134 (Bankr., D. Mass. 1983).

Courts have applied a similar rationale to find that withdrawal liability is not entitled to priority under Bankruptcy Code 507(a)(5). In *Buf-Air*, the court noted that withdrawal liability payments are not contributions "arising from services rendered" in the priority period, as contemplated by 507(a)(5), because withdrawal liability "derives from statute, and does not arise out of or represent any unfilled prior obligations under a collective bargaining agreement or employment contract." *Buf-Air,* 174 B.R. at 185.

Neither Claim No. 205 nor its duplicate, Claim No. 206, assert any priority for withdrawal liability. If this court deems Claim No. 419 to be an amendment of Claim No. 205, however, then there is an assertion of priority for withdrawal liability by Teamsters. Claim No. 419 checks the box for priority under 507(a)(5),[9] though it does not state the amount of priority sought. No matter what the amount or what the basis for priority asserted, however, it is clear from the authority above that Claim No. 419 could not have priority as an administrative claim under Bankruptcy Code sections 503(b) and 507(a)(2) or as a priority claim under 507(a)(5). Therefore, the priority status asserted on

---

[9] Claim No. 419 actually refers to priority under 507(a)(4), but again, the proof of claim for predates the recent renumbering of the priorities in 507(a).

Case 09-11078    Doc# 349    Filed: 11/25/09    Entered: 11/25/09 11:08:08    Page 9 of 12

the face of Claim No. 419 must be disallowed, in the event that Claim No. 419 itself is not disallowed for being untimely.

D. **Liquidated Damages, Interest and Attorneys' Fees Related to Pension Plan Contributions Are Not Entitled to Priority Under Bankruptcy Code Section 507(a)(5), So the Priority in Claims Nos. 102 and 220 Should Be Limited to $152,501.90 and $63,048.37, Respectively.**

Case law has made it clear that only the delinquent plan contributions themselves are entitled to priority under Bankruptcy Code section 507(a)(5). Liquidated damages, interest and attorneys' fees are not entitled to priority, and are at best an unsecured claim. *See In re Certified Air Techs., Inc.*, 300 B.R. 355, 372 (Bankr. C.D. Cal. 2003) (holding that delinquent pension contributions are entitled to priority under 507(a)(5) and classifying related liquidated damages and attorneys' fees as unsecured claims); *In re Miller Block Co., Inc.*, 63 B.R. 99, 102 (Bankr. W.D. Pa. 1986) (holding that liquidated damages and attorneys' fees are not entitled to priority and do not constitute an allowable unsecured claim, reasoning that section 507(a)(5) "only allows a priority for prepetition delinquent contributions, for services rendered by the employees within 180 days prior to filing. No mention is made relating to a priority for attorney's fees or liquidated amounts"); *In re Cornell & Co.*, 219 B.R. 682, 687 (Bankr. E.D. Pa. 1998) (holding that liquidated damages are "frosting on the cake" not entitled to priority, reclassifying the liquidated damages claim as an unsecured claim).

Despite this clear line of precedent, Claim No. 102 includes $30,500.37 in liquidated damages as part of its asserted priority claim under Bankruptcy Code section 507(a)(5). Similarly, Claim No. 220 includes $17,968.16 in prepetition liquidated damages, interest, costs and attorneys' fees as part of its asserted priority claim under Bankruptcy Code section 507(a)(5). As a result, the asserted priority status in Claim Nos. 102 and 220 should be disallowed to the extent that priority is sought for liquidated damages, interest and attorneys' fees. As the *Cornell* court stated, these are all frosting on the cake, not the cake itself, and so are not entitled to priority. The priority of Claim Nos.

-10-

102 and 220 should thus be limited to the missed pension plan contributions that they represent, which are $152,501.90 and $63,048.37, respectively.

Finally, it should be noted that though Teamsters' contribution claims were scheduled on Debtor's Schedule E at $176,447.29, this is not a basis for priority status since the amount entitled to priority was listed as "Unknown" on Schedule E.

E. <u>Claims Nos. 206 and 230, and Potentially Claim No. 205, are Duplicates and Should Be Disallowed in their Entirety</u>.

Claim Nos. 205 and 206 are identical in every respect. Both reflect a contingent claim in an unspecified amount for withdrawal liability. Since counsel also sent the Court two copies of its claim for unpaid contributions (filed as Claim Nos. 220 and 230), it appears that same was done here with Claim Nos. 205 and 206.

Furthermore, if Claim No. 419 is not disallowed for being untimely, then Claim No. 205 should either be disregarded as having been superseded by Claim No. 419, or it should be disallowed as a duplicate of Claim No. 419. Like Claim No. 205, Claim No. 419 asserts a claim for withdrawal liability, but this time specifies an amount and provides some supporting documentation explaining the calculation. Claim No. 419 also states on its face that it is intended to amend an earlier claim, as the box for an amendment is checked on the proof of claim form. The proof of claim does not indicate which claim it amends, but if any, it should be Claim No. 205. Claim No. 205 should either be disregarded as having been superseded or should be disallowed as a duplicate, since Claim No. 419 has been placed separately on the claims register.

Finally, Claim No. 230 is identical to Claim No. 220 in every respect. They both assert priority claims in the amount of $81,016.53 for pension plan contributions, and they attach the same supporting documentation.

Consequently, Claim Nos. 206 and 230 must be disallowed as duplicate proofs of claim. *See* 11 U.S.C. § 502(b)(1); Fed. R. Bankr. P. 3007(d)(1). If Claim No. 419 is not disallowed for being untimely filed, then Claim No. 205 should be disallowed as a duplicate as well.

-11-

## IV. CONCLUSION

Based on the foregoing, the Debtor prays that this Court enter an Order as follows:

1. Sustaining the Omnibus Objection;
2. Disallowing the priority status of Claim No. 102 to the extent it exceeds $152,501.90;
3. Disallowing Claim No. 205 in its entirety as a duplicate proof of claim in the event this Court deems Claim No. 419 to have properly amended Claim No. 205;
4. Disallowing Claim No. 206 in its entirety;
5. Disallowing the priority status of Claim No. 220 to the extent it exceeds $63,048.37;
6. Disallowing Claim No. 230 in its entirety;
7. Disallowing Claim No. 419 in its entirety, or in the alternative, disallowing the priority status of Claim No. 419 in its entirety; and
8. Awarding such other and further relief as this Court deems just and appropriate.

DATED: November 25, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Ori Katz*
ORI KATZ

Attorneys for Debtor
HUMBOLDT CREAMERY, LLC