Todd Mikkelsen
4351 Liberty Bell Ct.
Eureka, CA 95503



Re: Omnibus Objection

CASE # 09-11078

In response to the Omnibus objection to my claim # 348 at no time did Humboldt Creamery LLC lead me to believe that payment of my pension was optional.
As to my attached copy Employment Contract Humboldt Creamery LLC under # 7 shall pay 10% of my base salary up to but not exceeding $5500.

Todd Mikkelsen

# EMPLOYMENT AGREEMENT
# WITH HUMBOLDT CREAMERY

This employment agreement is effective as of May 16, 2005 between Humboldt Creamery LLC (hereinafter referred to as "Humboldt Creamery") and Todd Mikkelsen (hereinafter referred to as "Mikkelsen").

A. Humboldt Creamery desires assurance of the continued association and services of Mikkelsen. In order to obtain Mikkelsen's experience, abilities and knowledge, Humboldt Creamery is therefore willing to engage Mikkelsen's services on the terms and conditions set forth below.

B. Mikkelsen desires to work for Humboldt Creamery and is willing to do so on the terms and conditions set forth below.

**THEREFORE**, in consideration of the above recitals and of the mutual promises and conditions in this agreement, it is agreed between Mikkelsen and Humboldt Creamery as follows:

1. This is at-will employment, which can be terminated by either party at any time according to the provisions of this agreement.

2. Humboldt Creamery shall employ Mikkelsen to do such duties as will be assigned to Mikkelsen by the Logistics Manager for Humboldt Creamery. This assignment of duties will include what Mikkelsen shall and shall not do on behalf of Humboldt Creamery as outlined in the Transportation Assistant job description (Exhibit A).

3. During Mikkelsen's employment with Humboldt Creamery, Mikkelsen shall devote his full business time, energy and ability exclusively to the business and interests of Humboldt Creamery, and shall not, without Humboldt Creamery's prior written consent, render to others service of any kind for compensation or engage in any other business activity that would materially interfere with the performance of Mikkelsen's duties for Humboldt Creamery. Mikkelsen represents to Humboldt Creamery that he has no other commitments inconsistent with any of the terms of this agreement or services to be rendered under it.

4. During the term of this agreement, Humboldt Creamery agrees to pay Mikkelsen a salary of at least $ 45,000 per year. This salary shall be payable as current salary in semi-monthly installments ($3,750.00 monthly), subject to all applicable withholding and deductions. The CEO/President shall review Mikkelsen's salary periodically and recommend changes as appropriate.

5. As an employee of Humboldt Creamery, Mikkelsen shall be entitled to receive the following holidays off as designated by Humboldt Creamery:

    Jan. (New Year's Day)    Sept. (Labor Day)
    May (Memorial Day)    Nov. (Thanksgiving Day)
    July (Independence Day)    Dec. (Christmas Day)
    Floating Holidays (2 Days)

6. As an employee of Humboldt Creamery, Mikkelsen shall be entitled to receive Medical, Dental, Vision, and Travel Insurance benefits as generally available to Humboldt Creamery's salaried employees. The cost of these benefits shall be covered by Humboldt Creamery.

7. As an employee of Humboldt Creamery, Mikkelsen shall be entitled to receive pension benefits as described in the Summary Plan Description (Exhibit "B") generally available to Humboldt Creamery's salaried employees. Humboldt Creamery shall, on behalf of Mikkelsen, contribute annually for each full year worked by Mikkelsen, ten (10) percent of Mikkelsen's base salary, up to but not exceeding $5,500 per year.

8. Mikkelsen shall be entitled to four (4) weeks of paid vacation each twelve-month period, which shall accrue on a pro rata basis from May 1, 2005 forward. Mikkelsen will no longer accrue vacation under the Teamster's contract, but will maintain, and have access to use, his vacation balance as of April 30, 2005. Vacation time will continue to accrue so long as Mikkelsen's total accrued vacation does not exceed twelve (12) weeks. Should Mikkelsen's accrued vacation time reach twelve weeks, Mikkelsen will cease to accrue further vacation until Mikkelsen's accrued vacation falls below that twelve-week level.

9. Mikkelsen shall be entitled to earn up to four (4) hours paid sick leave per each calendar month of full time employment. Mikkelsen shall accumulate sick leave to a maximum of 48 hours per calendar year, up to a maximum of 400 hours and in no event shall sick leave accumulate in excess of 400 hours. Accumulated sick leave to Mikkelsen shall have no termination value. Upon termination for any reason of Mikkelsen's employment with Humboldt Creamery, Mikkelsen shall not be entitled to any compensation or consideration for accumulated sick leave.

10. Humboldt Creamery reserves the right to modify any and all of the benefit plans and policies at any time, so long as such action is also generally taken with respect to other similarly situated Humboldt Creamery employees.

11. Mikkelsen or Humboldt Creamery may terminate this agreement by giving the other one (1) month prior written notice. Humboldt Creamery may terminate this agreement at any time without notice for inadequate job performance as determined by the President/CEO, or if Mikkelsen commits any material act of dishonesty, discloses confidential information, is guilty of misconduct or gross carelessness, unjustifiably neglects his duties, or acts in any way that has a direct, substantial and adverse effect on Humboldt Creamery's reputation or business.

12. In the event of a merger in which Humboldt Creamery is not the surviving entity, or of a sale of all or substantially all of Humboldt Creamery's assets, Humboldt Creamery may (1) assign this agreement and all rights and obligations under it to any business entity that succeeds to all or substantially all of Humboldt Creamery's business through that merger or sale of assets, or (2) with at least ninety (90) days prior written notice to Mikkelsen terminate this agreement effective on the date of the merger or sale of assets. Should Humboldt Creamery exercise option (1) of this paragraph and should the business entity which has been assigned Mikkelsen's employment agreement choose not to employ Mikkelsen for a period of at least three (3) months, Humboldt Creamery will pay Mikkelsen his base salary for any portion of the three (3) month period during which Mikkelsen is terminated from employment with the new entity prior to his working with that new entity for at least three (3) months.

13. There must be acquiescence by the parties hereto in writing in order for any changes to be made to this employment agreement.

_____
Mike Callihan, Operations Manager
For Humboldt Creamery Association

5/19/05
Date

_____
Todd Mikkelsen
Transportation Assistant

5/19/05
Date