Entered on Docket
January 22, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 22, 2010



_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____

John D. Fiero (CA Bar No. 136557)
Maxim B. Litvak (CA Bar No. 215852)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com
       mlitvak@pszjlaw.com
       ggeeenwood@pszjlaw.com

Attorneys for the Liquidating Trustee, Julianne Viadro

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>**HUMBOLDT CREAMERY, LLC,**<br>a Delaware limited liability company,<br><br>Debtor. | Case No.: 09-11078<br><br>Chapter 11<br><br>**ORDER SUSTAINING THE DEBTOR'S SECOND OMNIBUS OBJECTION TO CLAIMS FILED BY EMPLOYEES LISTED ON EXHIBIT 1 THERETO, BASED ON (i) THE DEBTOR'S BOOKS AND RECORDS, (ii) THE FACT THAT HUMBOLDT'S PENSION PLAN CONTRIBUTIONS ARE VOLUNTARY, (iii) APPLICABLE LAW REGARDING PRIORITY STATUS UNDER 11 U.S.C. §507(a)(4) AND (a)(5), AND (iv) REDUCTIONS FOR PREPAYMENT OF PRIORITY CLAIMS**<br><br>[Pursuant to B.L.R. 9014-1, no hearing requested] |

This matter came before the Court without a hearing upon consideration of the *Request for Order by Default On the Debtor's Second Omnibus Objection to Claims Filed by the Employees Listed on Schedule 1 Thereto, Based on (i) the Debtor's Books and Records, (ii) the Fact that Humboldt's Pension Plan Contributions Are Voluntary, (iii) Applicable Law Regarding Priority Status Under 11 U.s.C. § 507(a)(4) and (a)(5), and (iv) Reductions For Prepayment of Priority Claims* (the "Default Request") **[Docket No. 424]** filed by Julianne Viadro, the Liquidating Trustee

under the First Amended Joint Chapter 11 Plan of Liquidation of above-captioned debtor (the "Liquidating Trustee"). Based upon the Court's review of the Default Request, the Exhibits thereto, the *Debtor's Second Omnibus Objection* filed November 25, 2009 (the "Objection"), the certificate of service on file with the Court, and the Declaration of Gail S. Greenwood filed in support of the Default Request, and good cause appearing therefor,

**THE COURT HEREBY FINDS:**

A. This Court has jurisdiction over the Default Request and the Objection pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

B. Notice of the Objection was adequate and appropriate under the particular circumstances presented and complied with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Local Rules for the Northern District of California, and no other notice need be given.

C. The legal and factual bases set forth in the Objection establish good and sufficient cause to grant the relief requested therein.

D. No objection or request for hearing was filed or otherwise advanced by claimants identified in the chart below, which specifically does not include the following employee claimants who have requested a further hearing: Michael Callihan, Lawrence Albin, Todd Mikkelson, Sarah Renner, Paul Adams, Travis Victorine, Robert Miranda, Tracy Black, JoAnn Comalli, Tami Schleef, Jessie Coleman, and Jesse Chittenden.

E. The relief sought in the Objection is in the best interests of the estate and its unsecured creditors and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained in its entirety as to all claimants identified on the chart below.

2. Each claimant identified on the chart below shall have a priority claim as set forth under Total Allowed Claim.

3. The priority status of claims identified below is disallowed to the extent filed amounts are inconsistent with the amount set forth under Total Allowed Claim.

4. The Court shall retain jurisdiction with respect to any disputes arising from or relating to the Objection.

| Employee Name | Claim No. | Claim Amount Asserted | Total Allowed Claim |
|---|---|---|---|
| Mona Daly | 46 | $12,500.00 | $0.00 |
| Craig Vevoda | 122 | $45,909.24 | $0.00 |
| David Hayes | 160 | $4,119.30 | $372.24 |
| Anthony Titus | 215 | $7,530.98 | $2,030.98 |
| Nick Ruff | 233 | $8,121.96 | $1,175.12 |
| Ken Land Jr. | 235 | $3,645.24 | $1,326.82 |
| Nathan Nelson | 241 | $2,213.28 | $1,175.12 |
| Steven Culver | 242 | $3,682.01 | $1,741.36 |
| Matthew Bettiga | 243 | $5,047.01 | $0.00 |
| Mike Farfan | 244 | $1,370.84 | $605.04 |
| Orlando R. Giannini Jr. | 251 | $11,604.40 | $2,754.39 |
| Kurtiss Ober | 252 | $6,283.19 | $1,221.05 |
| Jerry Branson | 254 | $11,164.06 | $1,645.49 |
| Len Mayer | 260 | $12,134.93 | $5,979.32 |
| Dale Wohlwend | 265 | $3,261.23 | $579.67 |
| Casey Emmons | 270 | $11,361.75 | $1,561.96 |
| Orval Crowl | 273 | $1,380.76 | $176.08 |
| Renae Will | 282 | $9,262.76 | $3,762.76 |
| Russel Durrett | 288 | $7,607.45 | $1,362.00 |
| Michael Wright | 296 | $6,738.94 | $1,326.88 |
| Daren Fisher | 302 | $16,331.56 | $2,014.47 |
| Ven Letter | 311 | $9,677.00 | $2,442.26 |
| Lawrence Belli | 312 | $2,934.21 | $2,277.03 |
| Kao Saechao | 316 | $2,407.00 | $875.75 |
| Richard Heredia | 326 | $12,504.24 | $1,687.08 |
| Sheila Crandell | 327 | $198,013.44 | $3,179.08 |
| Keri Douglas | 332 | $4,920.00 | $0.00 |
| Jeffrey Sussman | 334 | $10,547.80 | $5,047.80 |
| Rick Dewberry | 337 | $7,265.28 | $1,765.28 |
| Travis Betts | 352 | $6,240.30 | $740.30 |
| Terri Fisher | 353 | $4,741.08 | $888.97 |
| Lance Avila | 386 | $3,413.02 | $1,285.24 |
| Gary Green | 395 | $9,213.63 | $2,631.12 |
| Rudy Vidales | 399 | $3,840.00 | $2,199.44 |

*** END OF ORDER ***