UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HUMBOLDT CREAMERY, LLC,                                          No. 09-11078

                Debtor(s).
_____/

Memorandum on Motion for Order Enforcing Permanent Injunction
_____

       The confirmed plan in this case calls for the Liquidating Trustee to prosecute the debtor's prepetition claims against the former officers of the debtor for breach of fiduciary duties and financial irregularities. Tony Titus is the former CFO of the debtor, and has been sued in state court by the Liquidating Trustee pursuant to the plan. In response, Titus has filed a cross-complaint against the Liquidating Trustee for indemnification and apportionment of fault. The Liquidating Trustee has responded with the instant motion to enforce the plan and for sanctions.

       Titus was active during the bankruptcy and was even employed briefly by the debtor in possession before confirmation as an independent contractor. He admits to receiving a long list of notices and documents relating to the bankruptcy but he denies receiving the plan. His chief argument, that the plan was not properly served on him because the envelope was addressed to his correct post office box using his five-digit zip code instead of the nine-digit zip code in his proof of claim, the court finds without merit. Titus has not rebutted the presumption that he received the plan and due notice of the confirmation proceedings.

1

Titus' claim for indemnification is based on prepetition conduct and is not properly raised in the state court proceedings. His right to indemnity, to the extent it exists at all, can only be prosecuted as a claim in this court. The cross-complaint in state court is accordingly improper and a violation of the plan.

The court is not sure exactly what Titus means in his state court cross-complaint by "apportionment of fault." He is of course entitled to any defenses he had against the debtor before it filed its bankruptcy petition, but it seems that comparative negligence, if that is what he means, is properly raised as a defense, not a cross-complaint.[1]

For the foregoing reasons, the court finds Titus in violation of the confirmed plan. He shall cause his cross-complaint against the Liquidating Trustee to be dismissed without prejudice within 20 days after entry of an appropriate order and shall pay the Liquidating Trustee the sum of $10,000.00 as a sanction. If allowed by the state court, Titus may amend his answer to raise as a defense any act of the debtor before its bankruptcy filing, but not a claim for indemnification. Provided, however, that all sanctions will be stayed so long as Titus otherwise complies with the order within said 20 days and does not thereafter violate any provision of the plan.

Counsel for the Liquidating Trustee shall submit an appropriate form of order.

Dated: November 19, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] Titus may seek reconsideration on 10 days' notice if he can demonstrate that state rules of pleading require him to state a claim for "apportionment of fault" as a cross-complaint and not as a defense.